## CHARLESTON:

BUENA VISTA FREESTONE CO. v. PARRISH.

Submitted January 17, 1891.—Decided January 31, 1891.

JUSTICES OF THE PEACE—DISMISSION.

> In an action before a justice, where the plaintiff fails to appear
> and prosecute his action within .one hour after the time for ap-
> pearance mentioned in the summons or last order of continuance,
> and the defendant has filed no set-off or counter-claim, the
> proper judgment, if defendant ask it, is one dismissing the action
> with costs to defendant,. but without prejudice to a new action ;
> and there can be no trial of the case on its merits by the justice
> or a jury, though defendant has filed a plea ; and it is error for
> the justice to try the case or to allow a jury trial, and render final
> judgment for defendant.

*Campbell & Holt* for plaintiffs in error, cited Code, c. 50, ss.
66, 68, 72, 91 ; Const. Art. III, s. 13 ; 30 W. Va. 304 ; Const.
Art. VI, s. 13.

*Simms & Enslow* for defendant in error, cited Code, c. 50,
ss. 66–68 ; 59 Am. Dec. 527 and note ; 3 Atk. Ch'y 66 ; 30
W. Va. 301 ; 3 Bing. 200 ; 2 Carr. & P. 358 ; 1 Wilson 300 ;
21 W. Va. 161.

BRANNON, JUDGE :.

In 1889 the Buena Vista Freestone Company instituted
an action. before a justice in Cabell county against M. F.
Parrish and H. M. Maloney to recover a debt due on a note
for one hundred and twenty dollars.   On the return-day of
the summons the defendants appeared, and obtained a con-
tinuance.   On the day to which the case had been continued
the defendants appeared, and filed a plea that the note sued
on, which had been filed with the justice, had been obtained

by fraud, and one of failure of consideration ; but the plaintiff did not appear, and the defendants demanded and obtained a jury, which tried the case, and rendered a verdict for the defendants, and the justice rendered judgment for the defendants.   Within fourteen days from the verdict and judgment, the plaintiff asked the justice to set aside the verdict and grant a new trial ; and, in support of its motion, filed an affidavit that Parrish admitted the justness of the debt, and said that he had no defence to the action, and that judgment could go, and that he would stay the execution of the judgment ; and thus lulled the plaintiff into a feeling of security, which caused it not to appear.   The justice refused to set aside the verdict or judgment.   The plaintiff then obtained a writ of *certiorari* from the Circuit Court of Cabell county ; and that court reversed the judgment of the justice, set aside the verdict, retained and afterwards tried the case, and gave the plaintiff judgment for one hundred and forty one dollars ; and, the Circuit Court having refused to set aside its judgment on the *certiorari* reversing the justice's judgment, Parrish and Maloney come to this Court.

The only question in this Court is whether there was any such error committed by the justice, as justified the Circuit Court in reversing his judgment ; and that depends on the answer to the following questions :   What was the proper course for the justice when the plaintiff failed to appear, and the defendants filed their plea ?   Should he have allowed a jury trial, or should he have dismissed the case for failure of the plaintiff to appear and prosecute his suit, without prejudice to another suit ?   According to the practice in courts of record at common-law, if the defendant appear and file his plea, and the plaintiff does not appear to reply to it, or do what is necessary to bring the cause to issue, there is judgment against him by *non prosequitur*. Where a defendant does not appear, there is judgment against him by default ; or if he appears, and says nothing in defence, there is judgment against him by *nil dicit;* in both cases the judgment conceding to the plaintiff the relief called for by his action.   Or, where he fails to answer any pleading of the plaintiff during the process of the

pleading conducting to the issue, such judgment goes
against him. In these cases he is taken to confess the
allegation to which he makes no reply. It might seem that
where the defendant files his defence, and the plaintiff fails
to appear, the defendant ought to have the right to have
his defence passed on by judgment, to give finality and
rest to him, so that he may not be again harrassed by a
second suit; but the law contents itself with simply enter-
ing judgment of *non prosequitur*, commonly called in our
practice "nonsuit"—a term here covering judgment by *non
prosequitur*, *nolle prosequi*, and technical nonsuits, as also
judgments of nonsuit entered under the statute at rules.
4 Minor, Inst. 865. That there is this difference between
defendants and plaintiffs is settled. 3 Bl. Comm. 316, says:
"Therefore, in the course of pleading, if either party neg-
lects to put in his declaration, plea, replication, rejoinder,
and the like, within the time allotted by the standing rules
of the court, the plaintiff, if the omission be his, is said to
be nonsuit, or not to follow and pursue his complaint, and
shall lose the benefit of his writ; or, if the negligence be on
the side of defendant, judgment may be had against him
for such his default." 4 Minor, Inst. 864 *et seq.;* 2 Tuck.
Comm. 270; 2 Bouv. Law Dict. 303, "Non Pros."

Speaking of default of the parties to prosecute or defend,
1 Bouv. Law Dict. 494, under the word "Default," says:
"When the plaintiff makes default, he may be nonsuited;
and, when the defendant makes default, judgment by de-
fault is rendered against him." This judgment as against
defendant would be forever final; but the judgment of
nonsuit against plaintiff would not be final, but would
allow another suit. Com. Dig. "Pleader," E. 42, B. 11;
Bouv. Law Dict. tit., "Judgment by Default." 7 Vin. Abr.
429; Doct. Plac. 208. Thus, had the case been in a Circuit
Court, no jury trial could have taken place. All that the
defence could have had was a nonsuit. The plaintiff filed
his note, operating as his complaint, under Code 1887, c. 50.
s. 50, cl. 8. The defendants filed a plea, in nature one of
confession and avoidance, not denying the note, but alleg-
ing that it was procured by fraud, and was without con-
sideration; and the defendant failed to appear and answer

this new matter. There was nothing in the shape or to the effect of a replication to it, formal or informal, and there was no issue of fact to be tried. It was a plea which in a Circuit Court would conclude with a verification, and the plaintiff must reply to it before it could be tried by a jury. *Caperton* v. *Ballard,* 4 W. Va. 420; *Bank* v. *Kimberlands,* 16 W. Va. 555. It is well settled that, where a jury tries a case without an issue made up, the judgment will be reversed. *Railroad Co.* v. *Faulkner,* 4 W. Va. 180; *Ruffner* v. *Hill,* 21 W. Va. 152; *Curry* v. *Mannington,* 23 W. Va. 14.

It is true, this case was in a justice's court, and no formal pleadings are there required. Still, those courts are governed by some rule and method; and practice in them, where not otherwise provided, ought to be assimilated to ordinary legal procedure. Was there, after this plea was filed, and no denial of it in any manner, any matter in controversy or issue? Code, c. 50, s. 86, requires the jury to be sworn "to try the matter in difference;" but here there was no matter in difference to be tried. But I think that section 66, c. 50, Code 1887, shows that the justice should simply have dismissed the action, and not allowed a jury; for it provides as follows: "Saving the right of a defendant, who has filed a set-off or counter-claim, to proceed to trial though the plaintiff fail to appear or dismiss his action, judgment may be rendered against the plaintiff dismissing his action, with cost, but without prejudice to a new action for the same cause, in the following cases: *First,* if he fail to appear and prosecute his action within one hour after the time for appearance mentioned in the summons or last order of continuance." Now, this simply provides for the common-law nonsuit in justices' courts. By reserving to a defendant who has filed a set-off or counterclaim the right to go on to trial on the merits though the plaintiff has failed to appear, it in effect, by plain implication, says that in no other case shall the defendant go on to trial where the plaintiff fails to appear; but in other cases it gives the right to the adverse party to demand a dismissal. This is the extent of his right in such case. It is just the same as a defendant in an action in a Circuit Court would have.

I think the word "may," in the statute, is, as to both parties, to be read as if it were "shall." In other words, if the defendant demand a dismissal, the justice must enter it; and in such case he can do no more than dismiss it; it is the plaintiff's right that he shall do no more. Is it not plain that the statute intended simply to impose dismissal as the penalty against a plaintiff for his failure to appear? It intends to protect the defendant against an indefinite vexation from the continued pendency of the suit, by conferring on him the right to call for dismissal; and it intended to visit the absent plaintiff with dismissal only. This construction applies the practice of nonsuit in justices' courts as it is applied in Circuit Courts, and gives a defendant in the justices' courts as full right as in the Circuit Court. Another construction would virtually abolish nonsuits in justices' courts. Here, without giving time to plaintiff to meet the plea, a judgment forever barring it is entered. I do not see that the motion to set aside the verdict made in the justice's court has any force. It was probably used out of abundant caution. It was not in time as a motion for a new trial under section 91. Chapter 50, s. 67, provides that the judgment against the plaintiff for failure to appear may be set aside by the justice for good cause shown, within fourteen days after it is rendered, on such conditions as he may see fit. The judgment here was not such a judgment as that to which such a motion would apply—a judgment for a failure to appear —but one on a verdict. Now, unless we can treat this jury proceeding simply as a nullity, and the judgment as if it were a judgment for failure of appearance, we must say the judgment had become final, not to be reached under the authority of the statute by such a motion, but only by appellate proceedings. I regard the jury trial, and judgment on it, not as utter nullity, but as irregularity or voidable error appearing on the face of the justice's docket.

For this error for failing to enter the only judgment to be entered—one of dismissal for plaintiff's failure to appear —and the trial of the case by a jury, and final judgment thereon, I think the Circuit Court properly reversed the judgment, and ought to have done so had there been no

such motion before the justice. I need not refer to the argument that the constitution gave the defendant the right to demand a jury. Where an issue of fact is to be tried, that is so. Where the right to jury trial exists, before a judgment can be rendered against a party he has right to a jury. But here there was no issue to be tried. The statute gave no right to a jury; and, moreover, a judgment of nonsuit under said section would have subjected defendants to no liability, but would have been in their favor, not against them. Judgment affirmed.

AFFIRMED.