# CHARLESTON.

WHITE *et al. v.* CHRISTY.

Submitted June 14; 1899—Decided November 18, 1899.

1. JUSTICE OF THE PEACE—*Procedure.*
    While it is the duty of a justice, under section 66, chapter 50, of the Code, to dismiss the plaintiff's action "if he fail to appear and prosecute his action within one hour after the time for appearance mentioned in the summons or last order of continuance," yet the plaintiff has the right, under the sixth clause of the same section, to show cause why his action ought not to be dismissed, and has the right to contest the motion of the defendant to dismiss, after the hour is up, at any time before the order of dismission is made. (p. 20.)

Error to circuit court, Randolph County.

Proceeding on notice by George W. White against N. Christy. From the judgment, White brings error.

*Reversed.*

HARDING & HARDING, for plaintiff in error.

CUNNINGHAM & STALLINGS, for defendant in error.

McWHORTER, JUDGE:

This was a proceeding on notice, brought by George W. White before Justice W. S. Kelley, in Randolph County, to

quash an execution issued by said justice in favor of N. Christy, trustee, against George W. White, Caleb White, and Job W. Parsons, founded on a judgment rendered therefor by James Coberly, late justice, for certain personal property, or its alternative value of two hundred dollars. The execution was issued February 26, 1898, and returnable within sixty days. The notice in writing is as follows:

"To N. Christy, Trustee: Take notice that on the 8th day of April, 1898, at 8 o'clock a. m. of said day at the office of W. S. Kelley, a justice of the peace in the town of Elkins, in Leadsville district, Randolph County, West Virginia, before said justice, I will make a motion to quash an execution and writ of possession issued by said justice on the 26th day of February, 1898, for $200 and costs, in the case of N. Christy, trustee, against Geo. W. White, Caleb White, and Job W. Parsons, and now in the hands of E. E. Taylor, a constable of said county, for execution, upon the following grounds, towit: That said execution and writ of possession were issued contrary to law; that the said justice had no authority to issue the same, and that said suit was taken to the circuit court on appeal from a judgment of James Coberly, quashing a former execution and writ of possession issued in said suit, and by the circuit court affirmed; that the judgment upon which said execution and writ were based was a nullity, because the said Geo. W. White complied with the judgment or order in said suit before it was appealed as aforesaid, and before any writ was issued upon said judgment; because they (the said defendants) have fully complied with every order of the court in said cause; and for other reasons. Geo. W. White, by Counsel."

"Return: Served the within notice on the within named N. Christy, trustee, by delivering to him in person, in Tucker county, West Va., a true copy thereof this, the 29th day of March, 1898. Chas. Campbell, C. T. C."

"State of West Virginia, Tucker Co., to wit: Personally appeared before me, B., Parsons, a notary public in and for said county of Tucker, Charles Campbell, who, being by me first duly sworn, deposes and says that he served the within notice on the within named N. Christy, trustee, as shown by the above return made by him. Chas. Campbell, C. T. C.

"Sworn and subscribed to before me this —— day of April, 1898.    B. Parsons, Notary Public."

On the 8th day of April the parties appeared, both in person and by attorneys, and it appears from the record that plaintiff N. Christy moved to quash the notice upon the "grounds that the beneficiary under the trust was not a party in the notice, and that said N. Christy had appeared for the purpose only; but before the justice passed upon said motion, and after it was argued, the attorney for N. Christy, then made a second motion that the service was defective.   The motion was argued by counsel, and the justice sustained the motion that the constable had not sworn to the service on said notice.   Therefore George W. White asked the continuance of the cause until he could get an amended return by the constable on the said notice," —and by agreement the case was continued to May 2, 1898, on which day the record shows the following proceedings were had: "May 2d, 1898.   This day came the plaintiff, G. W. White, by counsel, and N. Christy, trustee, in person and by counsel, at 9 o'clock a. m., announced himself ready for trial, and the counsel for the plaintiff, G. W. White, having been present for about one-half hour previous to and up to the time the said motion was made, and, immediately upon said motion being made, counsel for White arose to address the justice, when defendant N. Christy's attorney still pressed for the case to be dismissed upon the grounds that he had waited one hour, and plaintiff White's counsel, and not himself, was ready for trial; whereupon the justice overruled said motion for the reason that the plaintiff had been present by atty. for some time previous, and announced himself ready for trial as soon as Christy's atty. stopped talking in making a motion to quash the notice, because the notary who took the affidavit of constable didn't use his official seal, and because he didn't give the precise date of month in affidavit.   Upon consideration the justice overruled said motion, whereupon counsel for White introduced his witnesses, and, after hearing the testimony, and considered, the justice quashed the execution issued on the 26th day of February, 1898, and E. E. Taylor, C. R. C., who levied said execution, is ordered to release the property levied on in said execution."   From which judgment the plaintiff Christy appealed to the cir

cuit court of said county, and on the 9th day of May, 1898, the following proceedings were had in said case in the circuit court; "This cause came on this day to be heard upon motion of said Christy, trustee, to reverse and dismiss the judgment of Justice Kelley, rendered herein on the 2d day of May, 1898, on account of defective notice and return thereon, and for the reason that said justice tried this cause and rendered a judgment therein quashing execution issued on the 26th day of February, 1898, after 9 o'clock a. m. (the hour at which said trial was set was 8 o'clock a. m.), and insisting that said justice had no jurisdiction after that hour to try said motion or cause; and that the said Christy, trustee, demanded a dismissal of this cause, and of the motion contained in said notice at nine o'clock a. m., which the justice refused, and after that time, and without the consent of the said Christy, trustee, and in his absence, rendered said judgment quashing said execution, to which motions counsel for Geo. W. White appeared; and, after hearing the argument of counsel on said motion on both sides, and maturely considering thereof, the court is of opinion that the motion of the said Christy to reverse the said judgment of the justice should be sustained. It is therefore ordered that said judgment of W. S. Kelley, rendered on the 2d day of May, 1898, at his office in the town of Elkins, be, and the same is hereby, reversed, and set aside, as being rendered without jurisdiction, and that the said N. Christy, trustee, recover from the defendant his costs in and about his defense herein expended." And from which judgment plaintiff in error procured from this Court a writ of error, alleging that it was error to hear and determine said motion in the absence of all proof, and in assuming certain facts existed manifestly contrary to exhibits filed, and especially to transcript from docket of judgment by said justice, and in sustaining said motion to reverse said judgment for want of jurisdiction by said justice to enter the same. The only objection raised to the notice was that the beneficiary under a trust deed was not made a party to it. The judgment was in favor of the trustee, who held the legal title to the property sued for in the action at law, and the *cestui que* trust could not be made a party in such proceeding. The notice sufficiently describes the execution to be quashed, and the party had

full ten days' notice prior to the day set for hearing before
the justice, and there is no defect in the service. "The
only question to be considered," as stated by defendant in
error in his brief, "is whether there was any such error
committed by the justice as justified the circuit court in
reversing his judgment;" and he cites *Freestone Co.* v. *Par-
rish*, 34 W. Va. 652, (12 S. E. 817), to sustain the court in
its action in reversing the justice's judgment. The case
cited was very different from the case at bar. In that case
the plaintiff failed to appear, and prosecute his suit, and
the justice, instead of entering a judgment for *non prose-
quitur*, as it was his duty to do, on motion of the defend-
ants impanelled a jury, which rendered a verdict, on which
the justice rendered a judgment for the defendants. · It is
contended by appellee that under section 66, chapter 50
Code, if plaintiff failed to appear, and prosecute his action,
within one hour after the time for appearance mentioned in
the summons or last order of continuance, the justice has
no jurisdiction thereafter in the case to do anything but
dismiss it, if such dismission is asked for by the defend-
ant. This is true where the plaintiff is in default, and is
not present looking after his interests in the case, either by
himself or his agent or attorney; but this statute will
hardly be held to apply in a case where it appears from the
record that the attorney for plaintiff is present, announcing
himself ready for trial, when, for some time before the end
of the hour, defendant's attorney was discussing a motion
to quash the proceedings, and, when the hour was up,
moved to dismiss the case under said section, and the jus-
tice overruled the motion, "for the reason that the plaintiff
had been present by attorney for some time previous, and
announced himself ready for trial as soon as Christy's at-
torney stopped talking in making a motion to quash the
notice because the notary who took the affidavit of constable
didn't use his official seal, and because he didn't give the
precise date of month in affidavit." These facts appear in
the proceedings before the justice in this case, and are a
part of the record. While it is the duty of the justice to
dismiss the action at the end of the hour, if moved to do so
by the defendant, in case the plaintiff fails to appear and
prosecute his action, yet the plaintiff has the right, under
the sixth clause of the same section, to show cause why

his action ought not to be dismissed, and has the right to contest the motion of defendant, even after the hour is up, at any time before the order of dismissal is made. It appears that on the overruling of the motion to dismiss the case by the justice he proceeded to hear the testimony, and on consideration thereof quashed the execution. The evidence adduced before the justice does not appear in the record. The notice sets up the following grounds in support of the motion to quash the execution: "That said execution and writ of possession were issued contrary to law; that said justice had no authority to issue the same, that said suit was taken to the circuit court on appeal from a judgment of James Coberly, quashing a former execution and writ of possession issued in said suit by the circuit court affirmed; that the judgment upon which said execution and writ were based was a nullity; because the said Geo. W. White complied with the judgment or order in said suit before it was appealed as aforesaid, and before any writ was issued upon said judgment; because they (the said defendants) have fully complied with every order of the court in said cause, and for other reasons;" and the only defense offered to said notice was the motion to quash the notice, and the motion to dismiss the same, because the hour was up beyond which the defendant in the notice was not bound, under the statute, to wait on the plaintiff, as set forth in the record of the justice's proceedings under date of May 2, 1898. And this was the only defense offered in the circuit court, and the court reversed and set aside the judgment of the justice as being rendered without jurisdiction. The judgment of the circuit court is reversed; and the case remanded, to be heard upon the allegations contained in the notice, and such defense thereto as may be proper to be made.

BRANNON, JUDGE:

I question whether the judgment is appealable, because it only reverses the judgment of the justice, and does not dismiss action. The appeal, by its own force, reversed the justice's judgment. The circuit court judgment did only this, and left the action for trial there. There was no motion to dismiss the action. But I consent to treat the judgment as it was likely intended, as costs are given—one dismissing the action. The appellee makes no point as to this.

*Reversed.*