Argued 27 March, decided 30 April, 1907.

**MULKEY *v.* DAY.**

89 Pac. 957.

ACTIONS—HOW DISPOSED OF—NONSUIT.

1. Actions at law in Oregon cannot be "dismissed" by either party or disposed of in any way except by a judgment or an order of nonsuit.

TRIAL—WHEN ISSUES ARE ACCOMPLISHED.

2. Before a case can be said to be ready for trial under Section 113, B. & C. Comp., which defines a trial, the case must be at issue on either

law or facts as to all parties, and no trial can be demanded when some parties have answered and others have moved or demurred.

JUSTICES OF THE PEACE—TIME FOR PLEADING—NONSUIT.

3. A justice of the peace has no authority to grant an order of nonsuit for want of a pleading within less time than is allowed by law to file such plea, and his action in so doing is in excess of his jurisdiction.

From Lane: LAWRENCE T. HARRIS, Judge.

Statement by MR. COMMISSIONER SLATER.

This is an appeal from the ruling of the circuit court on a petition to review the judgment of a justice's court dismissing an action brought by V. F. Mulkey against G. L. Day and his wife. The complaint was filed in the justice's court on June 5, and summons was thereupon issued and served on the 6th. On the 10th subpœnaes were issued by the justice in behalf of the defendants, and his docket shows an entry that he personally informed plaintiff's husband that the cause was set for trial for June 12, 1905, 10 o'clock a. m. On the 12th, defendants appeared in person and by their attorneys for trial, and on that day a demurrer was filed on behalf of G. L. Day, and an answer on behalf of Mrs. G. L. Day; but no copies of the pleadings appear in the record. Plaintiff not appearing upon that day, defendants filed a motion for dismissal of the action for want of prosecution, which was granted; but, by direction of defendants' attorney, the motion and order thereon were dated as of June 13, 1905. Costs, amounting to $27.50, were taxed against plaintiff, and on the 13th judgment for dismissal of the action was entered with costs in favor of the defendants. The circuit court affirmed the action of the justice's court, and plaintiff appeals.

The case was submitted on briefs under the proviso of Rule 16: 35 Or. 587, 600.                                        REVERSED.

For appellant there was a brief over the name of *Williams & Bean.*

For respondents there was a brief over the name of *Woodcock & Potter.*

Opinion by MR. COMMISSIONER SLATER.

1. What was technically known at common law as a judgment of *"non prosequitur"* and *"nolle prosequi"* and "technical nonsuits," are now covered and included by the term "nonsuits," as defined by our Code: *Buena Vista Freestone Co.* v. *Parrish,* 34 W. Va. 652 (12 S. E. 817). Mr. Justice BEAN, in *Hoover* v. *King,* 43 Or. 281, 286 (72 Pac. 880, 882: 65 L. R. A. 790: 99 Am. St. Rep. 754), says: "A judgment dismissing a complaint in an action at law is a proceeding unknown to the statute, and does not necessarily determine any of the issues involved. Costs are but an incident to the judgment, and do not add to its force or effect. A bill or suit in equity may be 'dismissed,' and such dismissal is an effectual bar to a subsequent suit for the same cause, unless given without prejudice: B. & C. Comp., § 412. An action at law, however, is disposed of either by a judgment in favor of the plaintiff or defendant, or one of nonsuit." Defendants' motion will be considered and treated as a motion for nonsuit, as authorized by Section 182, B. & C. Comp., which provides:

"A judgment of nonsuit may be given against the plaintiff, as provided in this chapter; * * on motion of the defendant, when the action is called for trial, and the plaintiff fails to appear, or when, after the trial has begun, and before the final submission of the cause, the plaintiff abandons it, or when upon the trial the plaintiff fails to prove cause sufficient to be submitted to the jury."

2. The question here to be determined is the right of the justice to call the action for trial on June 12, when plaintiff failed to appear. A trial under our statute is "the judicial examination of the issues between the parties, whether they be issues of law or fact": B. & C. Comp. § 113. An issue of law arises upon a demurrer to the complaint (Section 110, B. & C. Comp.), and an issue of fact upon a material allegation in the complaint, controverted by the answer: Section 111, subd. 1, B. & C. Comp. If, at that time, the cause was as to both defendants at issue upon a question of law or of fact, as defined by the statute, the court could rightfully call for a trial thereof,

and, on plaintiff's failure to appear, judgment of nonsuit could have been rightfully entered against her; but, if it was not thus at issue upon a question of law or of fact, the court could not have called for a trial of the cause or entered such a judgment.

3. As the record does not contain a copy of the proceedings, this court is unable to say that the demurrer on behalf of the defendant G. L. Day was for one of the causes enumerated in Section 68, B. & C. Comp., and it is necessary that the record shows affirmatively the facts conferring the authority or jurisdiction of the inferior tribunal: *Jones* v. *Marion County,* 4 Or. 46. Neither can we say that the answer of the other defendant, Mrs. G. L. Day, was sufficient in law to raise an issue of fact; but, whatever may have been the nature of her answer, whether it consisted merely of a denial or of denials and affirmative allegations, the plaintiff had one day thereafter in which to plead thereto, as provided in Section 81, B. & C. Comp., which is made applicable to the procedure of a justice's court by the provisions of Section 2200, B. & C. Comp. Until plaintiff's time to plead to the answer had expired, or she had expressly or impliedly waived her right, the cause could not be said to be at issue, and hence a trial could not be legally called by the court within that time, except upon a waiver by her of such right. The answer was filed on June 12, and, excluding the first and including the last day, in computing time, as required by Section 531, B. & C. Comp., plaintiff was entitled to all of June 13 in which to plead further. Hence the court could not have legally called the action for trial against her prior to June 14, without a waiver on her part of her right to plead, which the record does not show.

The judgment reviewed, being for that reason erroneous, should be set aside; hence the jcdgment appealed from should be reversed, and the cause remanded to the circuit court, with direction to set aside the judgment of the justice's court, and remand the cause for further and proper proceedings not inconsistent with this opinion.                    REVERSED.