Argued September 8, reversed and remanded November 28,
petition for rehearing denied December 23, 1975

# FARRIS ET AL, *Appellants, v.* UNITED STATES
# FIDELITY AND GUARANTY COMPANY,
## *Respondent.*

542 P2d 1031

*Peter L. Barnhisel,* Corvallis, argued the cause for appellants. With him on the briefs were Fenner & Barnhisel, Corvallis.

*Edward V. O'Reilly,* Eugene, argued the cause and filed a brief for respondent.

DENECKE, J.

The plaintiffs brought this action in their capacity as insureds in a liability policy issued by defendant (USF & G). The action is in part to recover plaintiffs' expenses incurred in defending an action brought against them and which USF & G refused to defend. The trial court sustained the demurrer of USF & G and plaintiffs appeal.

The defendant filed a motion to dismiss the appeal contending plaintiffs are attempting to appeal from a nonappealable order. We denied the motion; however, we granted the defendant leave to renew.

The trial court sustained the demurrer upon the ground that the complaint failed to state a cause of action. The trial court granted plaintiffs time to further plead. However, plaintiffs filed a motion for a voluntary nonsuit pursuant to ORS 18.230(1). That statute provides:

"A judgment of nonsuit may be given against the plaintiff:

"(1) As a matter of right, on motion of the plaintiff:

"(a) Filed with the court and served on the defendant not less than five days prior to the day of trial * * *."

A judgment of nonsuit was entered.

ORS 19.010(2)(a) provides that a judgment may be reviewed on appeal if it is, "An order affecting a substantial right, and which in effect determines the action or suit so as to prevent judgment or decree therein." The question was raised whether the judgment of voluntary nonsuit is such an order because it does not determine the action as the plaintiff may refile another complaint upon the same cause of action. That the plaintiff may refile does not mean the order

does not determine the action. The plaintiff may re-file another lawsuit on the same cause of action when the court has ordered an involuntary nonsuit. ORS 18.250. Oregon practice has been that an appeal lies from an order of involuntary nonsuit. For example, see *Steenson v. Robinson,* 236 Or 414, 416, 385 P2d 738, 389 P2d 27 (1964).

Defendant contends that in order for the plain-tiffs to appeal after the demurrer to their complaint was sustained, the plaintiffs must secure a judgment of dismissal rather than a judgment of nonsuit. *Ter Har v. Backus,* 256 Or 288, 290, 473 P2d 143 (1970), states:

"* * * If the plaintiff cannot by any means proceed any further, or prefers not to do so, he must secure a judgment of dismissal in order to obtain review. * * *."

In *Ter Har* we were considering whether an order quashing service was an appealable order. We held it was not; that an order had to be made terminating the lawsuit. We did not consider whether the order should be in the language of nonsuit or dismissal.

■ Except in instances of dismissal for lack of pros-ecution, there is no statutory authorization for judg-ments or orders of dismissal in law actions. The statu-tory scheme in Deady's Code and at present indicates that in equity the correct terminology is "dismissal" and in law the correct terminology is "nonsuit," vol-untary and involuntary. ORS 18.210 applies to equity and provides:

"A decree dismissing a suit may be given against the plaintiff in any of the cases spe-cified in subsections (1), (2) and (3) of ORS 18.230 [the nonsuit section], except the last clause of such subsection (3). Such decree is a determination of the suit, but shall not have the effect to bar an-other suit for the same cause, or any part thereof."

ORS 18.250 provides:

"When a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause."

In *Mulkey v. Day,* 49 Or 312, 314, 89 P 957 (1907), we examined the statutory scheme in Bellinger & Cotton's Code and stated:

"What was technically known at common law as a judgment of *'non prosequitur'* [a judgment for defendant on the grounds that the plaintiff did not prove a cause of action; an involuntary nonsuit] and *'nolle prosequi'* [an acknowledgment that he is not going to continue; a voluntary nonsuit] and 'technical nonsuits,' are now covered and included by the term 'nonsuits,' as defined by our Code: *Buena Vista Freestone Co. v. Parrish,* 34 W. Va. 652 (12 S.E. 817). Mr. Justice Bean, in *Hoover v. King,* 43 Or. 281, 286 (72 Pac. 880, 882: 65 L. R. A. 790: 99 Am. St. Rep. 754), says: 'A judgment dismissing a complaint in an action at law is a proceeding unknown to the statute, and does not necessarily determine any of the issues involved. Costs are but an incident to the judgment, and do not add to its force or effect. A bill or suit in equity may be "dismissed," and such dismissal is an effectual bar to a subsequent suit for the same cause, unless given without prejudice: B. & C. Comp., § 412. An action at law, however, is disposed of either by a judgment in favor of the plaintiff or defendant, or one of nonsuit.' Defendants' motion [for an order of dismissal] will be considered and treated as a motion for nonsuit, as ա․ ꞏ rized by Section 182, B. & C. Comp. * * *."

We followed *Mulkey* in *Quick v. Andresen,* 238 Or 433, 435, 395 P2d 154 (1964):

"* * * A judgment of nonsuit is the only method of 'dismissing' an action at law, as distinguished

from a suit in equity. *Mulkey v. Day,* 49 Or 312, 314, 89 P 957 (1907)."

More important than whether the judgment is labeled one of "dismissal" or "nonsuit" is the question of whether "the nonsuit was not voluntarily requested but was, in effect, forced upon him by the trial court's ruling on plaintiff's demurrer to Prindel's affirmative defenses." *Steenson v. Robinson,* supra (236 Or at 417).

■ The rationale for the distinction is that if the plaintiff were permitted to appeal from any voluntary nonsuit, plaintiff could harass the defendant by nonsuits and appeals. Plaintiff can only appeal from a judgment of voluntary nonsuit if the trial court has found plaintiff's complaint does not state a cause of action and plaintiff is of the opinion he cannot plead the facts any more favorably.

*Steenson v. Robinson,* supra (236 Or 414), and the present case illustrate the distinction. In *Steenson* the plaintiff brought a personal injury action against his driver and the driver of the other car, Prindel. At the close of plaintiff's case the court granted the host driver's motion for an involuntary nonsuit. The plaintiff did not want to proceed against Prindel alone, perhaps for supposed tactical reasons, so he secured a judgment of voluntary nonsuit and then appealed both the voluntary and involuntary nonsuits . We held:

"* * * If the plaintiff takes a nonsuit because of a ruling which precludes recovery, it has been held that the judgment is not in fact voluntarily requested and, therefore, does not bar an appeal. This is not the situation in the case before us. The trial court's action in overruling the demurrer to Prindel's [the third party] defenses did not preclude recovery [against Prindel]. Therefore, the general rule is applicable and the appeal as to de-

fendant Prindel must be dismissed." 236 Or at 417-418.

■ In the present case the plaintiffs had no other alternative but to have the court enter some kind of order ending the lawsuit and appealing from that order. This case presents an obvious illustration of a plaintiff having no other choice. Plaintiffs attached to their complaint against USF & G the complaint filed against them. The trial court found that complaint charged plaintiffs with intentional torts which it held were not covered by USF & G's policy. Plaintiffs could not replead any more favorable facts than those alleged in the complaint against them.

We hold the judgment of voluntary nonsuit was an appealable order.

Turning to the question of whether USF & G's demurrer was correctly sustained, we will consider the facts as they are alleged in the complaint. Attached to the complaint as exhibits are the insurance policy and the complaint in the damage action against plaintiffs (Farris and Kellum).

The damage action complaint alleged: Plaintiffs (Moe) operate a restaurant in Albany known as "Captain Moe's Submarine Sandwiches." Defendants (Farris and Kellum) operate a restaurant in Corvallis known as "Togo's Submarine Sandwiches." Farris and Kellum, knowing of Moe's trade name, nevertheless, filed a claim of trade name, "Captain Moe's Submarine Sandwiches." Farris and Kellum did this for the sole purpose of destroying Moe's business. Farris and Kellum interfered with Moe's relationship with their customers by inducing them not to do business with Moe's and made fraudulent misrepresentations to Moe's customers about Moe's business.

USF & G contends the damage complaint "did not allege that the alleged wrongful conduct of Farris and

Kellum was in connection with partnership activities," and the policy only insured their partnership liability. The trial court held whether Farris and Kellum were sued for partnership conduct was a question of fact and was not a proper basis for sustaining a demurrer.

The insured named in the policy was "Togo's Submarines." The damage complaint alleged Farris and Kellum did business as "Togo's Submarine Sandwiches," and did acts intended to harm Moe's business. This can reasonably be construed to be a claim against the named insureds in connection with their business activities.

■ We have held the allegations of the damage complaint determine the duty to defend. *Macdonald v. United Pacific Ins. Co.,* 210 Or 395, 399 and following, 311 P2d 425 (1957). In *Blohm v. Glens Falls Inc. Co.,* 231 Or 410, 415-416, 373 P2d 412 (1962), we adopted this statement of the rule:

> " '* * * Where the complaint does not state facts sufficient to bring the case clearly within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. In other words, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in the insured's favor.' 29A Am Jur 567, Insurance, § 1454.

> "Thus, if the complaint is ambiguous or unclear and may be reasonably interpreted to include an incident within the coverage of the policy, there is a duty to defend."

The trial court sustained the demurrer because of its opinion that the damage complaint was grounded on charges that Farris and Kellum committed inten-

tional torts and that insurance against liability for intentional torts is void as against public policy.

The damage complaint alleged some of the claimed tortious acts were committed by "defendants, their servants and agents," and that said actions "were committed with defendants' knowledge and ratification or direction."

Despite this latter allegation, with this complaint the jury could impose liability on Farris and Kellum without proof that Farris or Kellum directed the acts of their agents or servants. Liability would be imposed on the basis of the doctrine of respondeat superior.

> "* * * If the complaint, without amendment, may impose liability for conduct covered by the policy, the insurer is put on notice of the possibility of liability and it has a duty to defend. * * *."
> *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 507, 460 P2d 342 (1969).

■ We hold that the policy covers Farris and Kellum for intentional torts committed by their servants but not at the direction of Farris and Kellum. This holding is consistent with the public policy stated in *Isenhart v. General Casualty Co.*, 233 Or 49, 53, 377 P2d 26 (1962):

> "* * * However, punishment rather than deterrence is the real basis upon which coverage should be excluded. A person should suffer the financial consequences flowing from his intentional conduct and should not be reimbursed for his loss, even though he bargains for it in the form of a contract of insurance. A similar idea is expressed in the cases which exclude coverage on the ground that 'a person should not profit from his own wrong.'"

■ The vicarious liability of a master for the torts of his servants is not based upon any concept that the

master has committed a morally wrongful act. Respondeat superior is applied as a policy of risk allocation and the master benefits from the servants' work. The master rather than the innocent injured plaintiff is better able to absorb and distribute the risk. Prosser, Torts (4th ed), p 459. There is no reason to punish the master by depriving him of his insurance coverage.

■ The trial court apparently was of the same opinion; however, it held USF & G was not obligated to defend as it would place it in a conflict of interest position; that is, USF & G would best serve its interest by not attempting to disprove Moe's contention that the agents acted at the direction of Farris and Kellum, whereas Farris' and Kellum's interest would be served by a contrary position. The cases relied upon by the trial court, *McKee v. Allstate Ins. Co.*, 246 Or 517, 426 P2d 456 (1967), and *Williams v. Farmers Mut. of Enumclaw*, 245 Or 557, 423 P2d 518 (1967), were modified by *Ferguson v. Birmingham Fire Ins.*, supra (254 Or at 509-511).

> "*Ferguson* has modified *Williams* to the extent that under *Ferguson* the insurer cannot refuse to defend because of a conflict of interest. The conflict does not exist because according to both *Williams* and *Ferguson* the insurer will not be collaterally estopped in the action against it by its insured from contending that it has no coverage because the insured intentionally inflicted the damage. * * *." *Casey v. N. W. Security Ins. Co.*, 260 Or 485, 489, 491 P2d 208 (1971).

We hold USF & G had a duty to defend Farris and Kellum and the demurrer was erroneously sustained.[1]

---

[1] The question whether Farris and Kellum are entitled to attorney fees for prosecuting this action has not yet been before the trial court and, therefore, is not ripe for decision by this court.

■ Farris and Kellum assign as error the striking of their allegation that as a result of USF & G's breach of contract they suffered mental anguish. Some jurisdictions, under evidence of aggravated circumstances, have allowed the insured in a liability policy to recover damages for mental anguish against the insurer. Cases collected in Annotation, 47 ALR3d 314, 335-338 (1973). We conclude as a matter of policy that when there is an unaggravated breach, such as alleged in the complaint, damages are not awarded for mental anguish. We do not decide what the result would be if there was evidence of an aggravated breach; that is, one, for example, made in bad faith or otherwise.

Reversed and remanded.