BALMER, J.
*894 **731 This case requires us to determine whether the Court of Appeals correctly dismissed plaintiff's appeal of a judgment dismissing his complaint with prejudice on the grounds that the appeal was barred by this court's decision in Steenson v. Robinson , 236 Or. 414, 385 P.2d 738 (1963). That decision set out the common-law rule that a party may not appeal from a voluntarily-requested judgment. For reasons we explain below, we conclude that the judgment was appealable and remand the case to the Court of Appeals. We are not asked to-and we do not-express any view on the merits of plaintiff's appeal or on the reviewability of the issues raised by plaintiff in his appeal.
Plaintiff worked as a driver for defendant Driver Resources, LLC. The other two defendants are related companies. In November 2013, plaintiff filed a class-action complaint against defendants, on behalf of himself and other similarly situated drivers. At issue was defendants' compliance with Oregon's wage and hour laws, as set out in ORS chapters 652 and 653. In January 2014, defendants filed a petition to compel arbitration, on the basis of an agreement that plaintiff had signed with one defendant. Plaintiff responded to the petition by arguing that the agreement was unconscionable, and therefore that arbitration should not be compelled. The trial court granted defendants' petition, requiring plaintiff to proceed to arbitration.
Plaintiff made several attempts to obtain appellate review of the trial court's order compelling arbitration. First, plaintiff filed an interlocutory appeal, arguing that the order compelling arbitration was appealable under ORS 19.205(2), which allows interlocutory appeals of court orders affecting substantial rights. The Court of Appeals dismissed that appeal on the grounds that the order compelling arbitration was not appealable. Second, in December 2014, plaintiff asked the trial court to amend its order compelling arbitration to state that the order presented "a controlling question of law as to which there is substantial ground for difference of opinion" for the purposes of ORS 19.225, a statute that gives the Court of Appeals discretion to hear interlocutory appeals in cases involving class actions in which **732 the trial court makes such a finding. The trial court denied that motion. Finally, in March 2015, plaintiff moved to dismiss all of his claims with prejudice. Plaintiff explained to the court that the order compelling arbitration effectively precluded any recovery by plaintiff, because plaintiff was unemployed and could not afford to pay the arbitrators, and that the purpose of the dismissal was to allow plaintiff to appeal the judgment and obtain review of the order compelling arbitration. Plaintiff's counsel stated, "If we do not convince the Court of Appeals or if we get AWOP'd and nobody wants to hear it or write an opinion on it, then the case is over, my client loses, it's done." The trial court, without expressing a view on plaintiff's factual contentions, granted the motion to dismiss and entered a general judgment of dismissal with prejudice, one that made clear that the dismissal was at plaintiff's request.
Plaintiff filed an appeal from that judgment in the Court of Appeals. Defendants moved to dismiss the appeal on two grounds. First, defendants argued that this court's decision in Steenson prevented appeal of a voluntary dismissal. Second, defendants argued that plaintiff's attempt to appeal an order granting a motion to compel arbitration is barred by ORS 36.730, which governs certain appeals in cases involving arbitration. They contended that that statute creates an exception to ORS 19.205(1), which generally permits appeal of a general judgment.
The Appellate Commissioner rejected defendants' second argument, determining that ORS 19.205(1), in combination with ORS 19.245, provided a statutory basis allowing plaintiff to appeal the general judgment of dismissal.[1] However, the Appellate Commissioner *895 held that Steenson prevented plaintiff from taking an appeal and entered an order dismissing the appeal on that ground. Plaintiff petitioned for reconsideration of the Appellate Commissioner's decision by the Court of Appeals. That petition was denied. Plaintiff then filed a petition for review of the dismissal of the appeal in this court, which we allowed. **733 ORS 19.205(1) provides that "[u]nless otherwise provided by law, a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005, may be appealed as provided in this chapter." In this case, plaintiff attempts to appeal a general judgment. ORS 19.245(1) provides that, subject to exceptions that do not apply here, "any party to a judgment may appeal from the judgment." Those statutes authorize plaintiff to appeal the general judgment of dismissal entered here, unless some other rule of law prevents the appeal.
As they did before the Court of Appeals, defendants argue that two separate legal rules bar plaintiff's appeal in this case. First, defendants argue that this court's decision in Steenson prevents plaintiff from appealing. Steenson announced a common law rule "that a party may not appeal from a judgment which he voluntarily requested." 236 Or. at 416-17, 385 P.2d 738. Second, defendants argue that a provision of the Oregon Uniform Arbitration Act, ORS 36.730, bars plaintiff's appeal. That statute permits interlocutory appeals of orders "denying a petition to compel arbitration," ORS 36.730(1)(a), or "granting a petition to stay arbitration," ORS 36.730(1)(b), but contains no analogous provision permitting an interlocutory appeal of an order granting a petition to compel arbitration. Defendants draw from that omission the inference that an order compelling arbitration is not subject to an interlocutory appeal and that any challenge to such an order must come in a post-arbitration appeal from a judgment that follows the arbitration decision.
We first turn to Steenson , which was the basis for the Appellate Commissioner's order dismissing plaintiff's appeal. As to Steenson , plaintiff's arguments are twofold. Plaintiff first argues that revisions to Oregon's statutes concerning judgments and appealability, most notably in Oregon Laws 2003, chapter 576, section 85, have displaced the common-law rule announced in Steenson . Presently, as noted, ORS 19.205(1) provides that "[u]nless otherwise provided by law, a limited judgment, general judgment or supplemental judgment * * * may be appealed as provided in this chapter." In addition, ORS 19.245(1) entitles "any party to a judgment" (emphasis added) to take an appeal. Plaintiff **734 argues that by enacting those explicit and comprehensive statutes permitting any party to a judgment to appeal that judgment, the legislature abrogated the Steenson rule.
The flaw in plaintiff's argument is that there is no material difference between the text of the statutes that plaintiff relies upon and the text of the equivalent statutes when Steenson was decided. Former 19.020 (1963), the analogous provision to ORS 19.245, stated that "[a]ny party to a judgment or decree, other than a judgment or decree given by confession or for want of an answer, may appeal therefrom." And former ORS 19.010(1) (1963), the predecessor of ORS 19.205(1), provided that "[a] judgment or decree may be reviewed on appeal as prescribed in this chapter." Thus, although there are modest differences between former ORS 19.010(1) (1963) and current ORS 19.205(1), none appear to have been intended to displace the Steenson rule. In fact, the most significant change cuts in the other direction. ORS 19.205(1), unlike former ORS 19.010(1) (1963), begins with the caveat "[u]nless otherwise provided by law." Since common-law rules, like that announced in Steenson , form part of the law, that addition indicates that the enactment of ORS 19.205 did not, and was not intended to, abrogate Steenson . Neither party has presented any legislative history-nor has our own review disclosed any-that suggests otherwise. As a result, we conclude that the rule set out in Steenson remains good law.
*896 Plaintiff's second argument is that, even if Steenson does apply generally, it has an exception that is applicable to this case. In Steenson , this court suggested that the rule against appeal of a voluntary nonsuit might not apply "[i]f the plaintiff takes a nonsuit because of a ruling which precludes recovery ." Steenson , 236 Or. at 417, 385 P.2d 738 (emphasis added). Plaintiff argues that this exception applies to his case because the cost and limitations involved in arbitrating his claims mean that, as a practical matter, he cannot afford to proceed with the arbitration. Plaintiff also recognizes that, because the dismissal was with prejudice, if he loses on appeal he cannot refile his action. Defendants counter by arguing that the exception to Steenson will apply only if plaintiff can show that recovery through arbitration is impossible. Defendants assert that plaintiff has not **735 presented sufficient evidence that the ruling compelling arbitration precludes his recovery.
To determine the scope of the exception, we first examine Steenson itself and then review our later cases that followed it and applied its rule. The plaintiff in Steenson was an automobile passenger who suffered injuries in a collision. He brought an action against both the driver of the car in which he was riding, Robinson, and the driver of the other car, Prindel. Both defendants raised defenses against the plaintiff's claims. The plaintiff demurred to both defenses, but the trial court ruled against him. At the close of the plaintiff's case, the trial court granted Robinson's motion for an involuntary nonsuit on the ground that the plaintiff had failed to prove the elements of the claim against him. Steenson , 236 Or. at 415, 385 P.2d 738. The plaintiff did not want to continue the case against Prindel alone, presumably for tactical reasons, so he moved for a voluntary nonsuit against Prindel, which was granted. Id. at 415-16, 385 P.2d 738. The plaintiff then appealed both judgments and also filed a new, separate action against Prindel. Id. at 416, 385 P.2d 738.
Both Robinson and Prindel moved to the dismiss the appeals against them. This court allowed the appeal of the judgment pertaining to Robinson to go forward. Id. However, the court dismissed the appeal with respect to Prindel, invoking "the general rule that a party may not appeal from a judgment which he voluntarily requested." Id. at 416-17, 385 P.2d 738. As noted, the court allowed that the rule might not apply "[i]f the plaintiff takes a nonsuit because of a ruling which precludes recovery" but found that that situation was not presented in the case before it. Id. at 417, 385 P.2d 738.
The rule announced in Steenson was designed to address a particular abuse of the legal system. Id. at 417 n. 1, 385 P.2d 738. As Oregon law operated at the time, a plaintiff could end her action with a voluntary nonsuit. Former ORS 18.230 (1963).[2] That nonsuit ended the case, but without prejudice.
**736 Former ORS 18.250 (1963).[3] Therefore, the plaintiff could, if she chose, refile the same claim.[4] Presently, under the Oregon Rules of Civil Procedure, a plaintiff can still voluntarily dismiss her action without prejudice-the equivalent of a nonsuit-but can also opt to do so with prejudice, as provided by ORCP 54 A(1).
The practice that the Steenson court sought to prevent can be summarized as follows: A plaintiff who had obtained an unfavorable ruling on a preliminary issue could move for a nonsuit and appeal the resulting judgment, obtaining review of the ruling. Should the plaintiff win the appeal, her action would be revived with the preliminary issue *897 resolved in her favor. Should the plaintiff lose the appeal, however, she could simply refile her action. Steenson , 236 Or. at 417 n. 1, 385 P.2d 738 (quoting Francisco v. Chicago & A.R. Co. , 149 F. 354, 359-60 (8th Cir.1906) ). Hence the rule announced in Steenson : If a plaintiff sought a voluntary nonsuit, she could not appeal the resulting judgment. The alternative would be "no limit to the number of actions on the same cause, or on the want of it, which the plaintiff may bring, review, and dismiss under it." Steenson , 236 Or. at 417 n. 1, 385 P.2d 738 (quoting Francisco , 149 F. at 359-60 ).
This court has consistently interpreted Steenson in light of that purpose. In Farris v. U. S. Fidelity & Guaranty , 273 Or. 628, 542 P.2d 1031 (1975), the plaintiffs sought to recover from the defendant, their insurer, expenses that they had incurred in earlier litigation. Id. at 630, 542 P.2d 1031. The trial court had determined that the conduct at issue in the prior action was not covered by the defendant's policy, and the plaintiffs had taken a voluntary nonsuit. Id. at 630-34, 542 P.2d 1031. This court held that judgment that the trial court had entered was appealable because the trial court's pretrial ruling had already determined the merits of the plaintiff's complaint.
**737 This court noted that "[i]n the present case the plaintiffs had no other alternative but to have the court enter some kind of order ending the lawsuit and appealing from that order." Id. at 635, 542 P.2d 1031. In articulating the rationale for distinguishing between voluntary nonsuits where a trial court order precluded recovery (and an appeal was therefore permissible) and voluntary nonsuits where the trial court order, although adverse to the plaintiffs, did not preclude recovery, this court returned to the basis of Steenson : "The rationale for the distinction is that if the plaintiff were permitted to appeal from any voluntary nonsuit, plaintiff could harass the defendant by nonsuits and appeals." Farris , 273 Or. at 633, 542 P.2d 1031.
In Taylor v. Baker , 279 Or. 139, 566 P.2d 884 (1977), this court again explained the Steenson rule, and the exception thereto, in terms of Steenson 's rationale of preventing repetitive appeals. Taylor involved plaintiffs who had alleged two separate claims based on the same incident, a fall from a second-story window. Taylor , 279 Or. at 141, 566 P.2d 884. The defendants moved for partial summary judgment as to the first claim, which was granted. Id. The plaintiffs, determining that they were unlikely to recover on the second claim, sought a nonsuit as to that claim, which was also granted. Id. The plaintiffs then appealed the resulting judgment and sought review of the partial summary judgment as to the first claim.
Rather than speculate about whether the plaintiffs had correctly judged the possibility of recovery on the second claim, this court focused its analysis on the fact that plaintiffs had given up the second claim. The court noted that, because the plaintiffs' two claims arose from the same incident, any attempt to refile the voluntarily dismissed claim would be barred by res judicata . Id. at 143-45, 566 P.2d 884. That, the court determined, was enough to "prevent the problems of piecemeal appeal that would argue against allowing such appeal." Id. at 144, 566 P.2d 884. The court did not examine whether the plaintiffs' conclusion that pursuing the second claim would be futile was correct. Instead, the court held that "[a] plaintiff's willingness to forego litigation on alternative theories should be sufficient to guarantee that the partial summary **738 judgment had the effect of rendering plaintiff's nonsuit truly involuntary." Id. at 144, 566 P.2d 884.
This court last considered the application of Steenson in Sheets v. Knight , 308 Or. 220, 779 P.2d 1000 (1989), abrogated on other grounds by McGanty v. Staudenraus , 321 Or. 532, 901 P.2d 841 (1995). Sheets involved a plaintiff who brought three claims, all relating to a forced resignation. Id. at 223, 779 P.2d 1000. The trial court dismissed one of the claims and granted judgment to the defendant on the pleadings with respect to another. Rather than proceed on the remaining claim, the plaintiff moved for and received a voluntary dismissal without prejudice as to that claim. The plaintiff appealed the resulting judgment, but without alleging that his recovery had been precluded by a ruling of the trial court prior to the voluntary *898 dismissal.[5] The court considered, in light of that fact, whether the plaintiff's appeal was barred by Steenson . Sheets , 308 Or. at 225, 779 P.2d 1000. This court held, however, that Taylor permitted the appeal. Sheets , 308 Or. at 225-26, 779 P.2d 1000. Because "[t]he doctrine of res judicata would preclude this plaintiff from relitigating the [voluntarily dismissed] claim in the event of an adverse ruling on the [involuntarily dismissed] claim in this appeal," the Steenson rule did not apply. Sheets , 308 Or. at 226, 779 P.2d 1000. As in Taylor , the analysis did not turn on whether the plaintiff's recovery on the voluntarily dismissed claim had been precluded by a prior ruling of the trial court at the time of the dismissal. What mattered was that the plaintiff would be barred from further litigation of the dismissed claim by res judicata if the appeal were unsuccessful.
Having examined our cases, we turn to the task of clarifying the exception to the Steenson rule. That exception was initially articulated, very briefly and in a hypothetical statement, as one that would apply "[i]f the plaintiff takes **739 a nonsuit because of a ruling which precludes recovery." Steenson , 236 Or. at 417, 385 P.2d 738. That statement, however, was made in a case in which res judicata did not bar the plaintiff from refiling his claim and in the context of statutes that did not provide for voluntary dismissals with prejudice, or the equivalent, in actions at law.[6] Read literally, as defendants propose, Steenson 's articulation of the exception would suggest that we should examine the record to discern whether, as a factual matter, plaintiff still had some possibility of recovery on the claims that he moved to dismiss. But that is not how our subsequent cases have applied the exception, and that literal reading cannot be squared with the reasoning in Taylor or the result in Sheets . Nor is defendants' limited view of the exception necessary to advance the purpose of the Steenson rule. That rule was imposed only to prevent a plaintiff from both obtaining appellate review of a preliminary issue and retaining the ability to refile the same claim, should the plaintiff lose on appeal. A dismissal of all claims with prejudice fully prevents plaintiffs from employing that strategy. For those reasons, we hold that Steenson does not bar appeal when there is a judgment on all claims and any voluntarily dismissed claims were dismissed with prejudice.
Applying that rule to these facts is straightforward. This case involves a dismissal with prejudice of all of plaintiff's claims. Plaintiff cannot refile those claims after this appeal. To the contrary, having voluntarily foregone the possibility of recovery through arbitration, plaintiff's action is at an end if he does not prevail on appeal. He is in a similar position to the plaintiffs in Taylor , who were willing to **740 accept nonsuit of another, related, claim in order to obtain an appeal. In this case, had plaintiff not dismissed his claims with prejudice, he could have pursued them in arbitration. Plaintiff gave that up. Plaintiff's acceptance of that cost-his "willingness to forego litigation," Taylor , 279 Or. at 144, 566 P.2d 884 -distinguishes this case from an interlocutory appeal. For that reason, any *899 dispute over whether plaintiff correctly judged that he would be unable to prevail on his claims through arbitration, or would actually have been unable to afford arbitration, is irrelevant. Plaintiff's appeal falls within the exception because, as in Taylor and Sheets , plaintiff's only opportunity to obtain relief is on appeal; plaintiff dismissed his claims with prejudice and cannot refile them if he is unsuccessful on appeal.
We turn to defendants' second argument, that ORS 36.730 creates an exception to the general rule of ORS 19.205(1) that a party can appeal a general judgment and prohibits plaintiff from pursuing his appeal. ORS 36.730(1) allows the interlocutory appeal of orders "denying a petition to compel arbitration" or "granting a petition to stay arbitration." But ORS 36.730(1) contains no provision permitting an interlocutory appeal of an order granting a petition to compel arbitration. Defendants argue that because of that omission, plaintiff's appeal must be dismissed. We disagree. As we have discussed above, this case does not involve an interlocutory appeal. Instead, the trial court entered a judgment dismissing plaintiff's action with prejudice and plaintiff appealed that judgment. This appeal is therefore from a general judgment and is statutorily authorized by ORS 19.205(1) and ORS 19.245(1). Nothing in ORS 36.730(1) prevents plaintiff from appealing the final, general judgment in his case.
We allowed review to consider only whether plaintiff's appeal was correctly dismissed, and we have concluded that it was not. The learned Appellate Commissioner pointed out in his order, however, that certain of defendants' arguments may more appropriately be directed to what issues the Court of Appeals may properly review on appeal rather than the appealability of the judgment. Those arguments, as well as the merits of plaintiff's assignments of error, are **741 properly considered in the first instance by the Court of Appeals.
The order of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

Under ORAP 7.55, as authorized by ORS 2.570(6), the Appellate Commissioner for the Court of Appeals has authority to "rule on motions and issue orders in procedural matters in the Court of Appeals." ORS 2.570(6).

Former ORS 18.230 (1963) provided that:
"A judgment of nonsuit may be given against the plaintiff:
"(1) On motion of the plaintiff, at any time before the issues have been joined and the trial of the facts has commenced, unless a counterclaim has been pleaded as a defense; but if the issues have been joined and the trial of the facts has commenced the allowance of the motion shall be subject to the discretion of the court."

Former ORS 18.250 (1963) stated: "When a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause."

Nor was that a mere possibility-as noted, in Steenson itself the plaintiff had filed a new action against Prindel while the appeal of his voluntarily non-suited claim against Prindel was pending. Steenson , 236 Or. at 416, 385 P.2d 738.

In fact, the plaintiff acknowledged that his recovery was not precluded. Memorandum of Appellant/Petitioner on Review in Response to Supreme Court's Questions of January 31, 1989 at 6-7, Sheets , 308 Or. 220, 779 P.2d 1000. When moving to voluntarily dismiss the remaining count, the plaintiff's trial counsel had explained that "to proceed now on the contractual theory and then appeal and have to proceed on the tort theory is prohibitively expensive for my client and that is a major reason for this determination." Memorandum as to Why There Is No Appellate Jurisdiction at 7, Sheets , 308 Or. 220, 779 P.2d 1000.

At the time, the relevant statutes used different terminology, and slightly different procedures, for actions at law and suits in equity:
"Except in instances of dismissal for lack of prosecution, there is no statutory authorization for judgments or orders of dismissal in law actions. The statutory scheme in Deady's Code and at present indicates that in equity the correct terminology is 'dismissal' and in law the correct terminology is 'nonsuit,' voluntary and involuntary."
Farris , 273 Or. at 631, 542 P.2d 1031. As discussed above, all judgments of nonsuit were without prejudice. Former ORS 18.250 (1963). In suits in equity, the court could enter a decree of dismissal, also without prejudice, for most of the same reasons as a court could enter a nonsuit in an action at law. Former ORS 18.210 (1963). Only in the case of a dismissal after trial could the dismissal be with prejudice. Former ORS 18.220 (1963).