Argued October 7, reversed and remanded October 25, 1977

# RELIABLE CREDIT ASSOCIATION INC.,
*Appellant,*
*v.*
# CREDITHRIFT OF AMERICA, INC.,
*Respondent.*
(TC A 7609-12448, SC 25064)
570 P2d 379

Gerson F. Goldsmith, Portland, argued the cause for appellant. With him on the briefs were Goldsmith, Siegel, Engel & Littlefield, Portland.

Daniel J. Gatti, Salem, argued the cause for respondent. With him on the brief were Gatti, Ward & Gatti, Salem.

Before Denecke, Chief Justice, Howell and Lent, Justices, and Gillette, Justice Pro Tempore.

LENT, J.

**LENT, J.**

Plaintiff appeals from a judgment dismissing this case with prejudice upon plaintiff's failure to plead over after a demurrer to the complaint was sustained.[1] We reverse.

To the complaint defendant filed a document entitled "PLEA IN ABATEMENT AND IN THE ALTERNATIVE, DEMURRER, AND IN THE ALTERNATIVE, MOTION."

■ It is axiomatic that the well-pleaded allegations of the complaint are taken as being true for the purpose of a general demurrer. In this case defendant demurred on the grounds that the court had no jurisdiction over the subject of the action and that the complaint failed to state facts sufficient to constitute a cause of action. ORS 16.260(1) and (6). The well-pleaded facts of the complaint establish the following: The parties are licensed consumer finance corporations and members of Portland Lenders Exchange Inc. The Exchange is a nonprofit corporation organized to provide a means of exchanging information regarding customers of members of the Exchange and to establish standards of conduct with respect to operating practices of the members. Both parties, upon applying for membership in the Exchange, had signed applications providing in part as follows:

"We understand and agree to operate in accordance with the rules and procedures set forth in the Constitution and By-Laws of the Portland Lenders Exchange, and will instruct all concerned accordingly."

The bylaws of the Exchange in Article IX provided as follows:

"*Solicitation*

"No information obtained as a result of a clearance through THE EXCHANGE office shall be used by a

---

[1] As we held in *Farris v. U.S. Fidelity & Guaranty,* 273 Or 628, 631-632, 542 P2d 1031 (1975), a judgment of dismissal is not the appropriate form of order, but as the parties make no issue of that here, we need not further consider it in this case. *See also Taylor v. Baker,* 279 Or 139, 566 P2d 884 (1977).

member of this EXCHANGE for the purpose of solicitation, nor in any manner used to the disadvantage, injury or expense of another member.

"Sec. 1 No member, after receipt of an inquiry from another member, based on EXCHANGE information, shall contact the subject of inquiry for the purpose of solicitation by telephone or in person. Nor shall any member of this EXCHANGE contact a customer on whom they have received an inquiry from another member and say anything to said customer or take any action toward him that might prejudice him in any way, thereby preventing the inquiring member from doing or continuing to do business with said customer. This restriction shall be in effect for 10 days from date of inquiry."

On July 16, 1976, one T. applied to plaintiff for a loan. In accordance with the bylaws of the Exchange, plaintiff made an inquiry of the Exchange to ascertain if T. was listed as an account of any Exchange member and learned that T. had an outstanding loan from defendant. In accordance with the bylaws, plaintiff inquired of defendant for a credit report and a pay-off amount in respect to T.'s account. On July 19, 1976, plaintiff advised T. that it had approved his credit for a loan in an amount sufficient to pay off the loan to defendant and to satisfy T.'s request for additional funds. Prior to July 23, 1976, (and, therefore, within the "10 days") defendant contacted T. and solicited T. to borrow from defendant rather than from plaintiff. On July 23, 1976, defendant made a loan to T. As a result of defendant's solicitation of T.'s business, plaintiff was damaged in the amount of income plaintiff would have received from the loan to T. less its expenses in connection with the anticipated loan.

By its "plea in abatement," defendant alleged certain provisions of the bylaws which provided for intracorporate remedies among the members of the Exchange for violations of the bylaws, that plaintiff had failed to exhaust those remedies, and that plaintiff's action should be abated until such time as

plaintiff had exhausted such remedies.[1a] No trial was had upon this plea, and no order or judgment of any kind was entered in the trial court with respect to this plea.

Alternatively to the demurrer already described, defendant moved to strike certain allegations of the complaint as being evidentiary and conclusions of law. In light of the action taken by the trial court on the demurrer, the motion was not reached, and no order or judgment with respect thereto was entered in the trial court.

■ The court had jurisdiction of the subject of the action. The complaint alleged a contract between Oregon corporations, made in Oregon, a breach thereof occurring in Oregon, and damages resulting to the plaintiff in Oregon.

■ The complaint does state facts sufficient to constitute a cause of action. The allegations noticed in the immediately preceding paragraph state a typical cause of action for breach of contract if the bylaws of this membership corporation appearing on the face of the complaint constitute a contract among the members. On oral argument, defendant conceded that, from what appears on the face of the complaint, the bylaws of the Exchange do constitute a contract among the members. *See Dentel v. Fidelity Savings & Loan,* 273 Or 31, 33, 539 P2d 649 (1975). Having alleged, therefore, the existence of a contract between the parties, a breach thereof by the defendant, and resulting damages to plaintiff, plaintiff's complaint does state a cause of action. *See generally* Restatement of Contracts, § 328, comment *a* (1932): "A breach of contract always creates a right of action * * *." To the same effect, *see* 4 Corbin, Contracts 87, § 948 (1951), where the author states: "The first rule to be stated is

---

[1a] A plea in abatement, as such, no longer exists in Oregon. ORS 16.300, which formerly provided for the plea in abatement, was repealed by Oregon Laws 1975, ch 158, § 6, effective prior to the cause of action described in the complaint.

[ 237 ]

that for any breach that has occurred, be it large or small, 'partial' or 'total', an action can be maintained and the law will give an appropriate remedy." *Accord, Godlove v. Russell,* 134 Or 445, 293 P 936 (1930); *Sunnyside Land Co. v. Bridge Ry. Co.,* 20 Or 544, 26 P 835 (1891).

■ The defendant's chief contention, that plaintiff is confined to the internal procedures and remedies allegedly mandated by the bylaws, cannot be reached by defendant's demurrer.

Reversed and remanded for further proceedings consistent with this opinion.