Argued May 5, reversed and remanded September 17,
petition for reconsideration denied November 15,
petition for review denied December 11, 1979 (288 Or 173)

VAN PETTEN, et al,
*Appellants,*

*v.*

THE OREGON BANK,
*Respondent.*

(No. 13,886-L, CA 11034)

600 P2d 507

Allen L. Johnson, Eugene, argued the cause for appellant. With him on the briefs was Lombard, Gardner, Honsowetz, Johnson & Brewer, Eugene.

Barbee B. Lyon, Portland, argued the cause for respondent. With him on the brief was Tonkon, Torp & Galen, Portland.

Before Schwab, Chief Judge, Lee and Gillette,*
Judges, and Peterson, Judge Pro Tempore.

PETERSON, J., Pro Tempore.

*Gillette, J., did not participate in the decision of this case.

**PETERSON, J.,** Pro Tempore.

The trial court sustained a demurrer to the plaintiffs'[1] fourth amended complaint, and a judgment was entered for the defendant after the plaintiff's fifth amended complaint was stricken.

The principal issue on this appeal is whether a lender may be liable in contract to a guarantor for breach of an agreement to lend money to a third person.[2]

Plaintiff alleged that it was a partner with an individual in the Van Petten Lumber Company (the lumber company). The lumber company borrowed money from the defendant bank. As a prerequisite to making the loan, the bank required the lumber company to give it a security interest in approximately all of its assets.

In July, 1972, the plaintiff requested the bank to increase the line of credit to the lumber company. The bank agreed, but required additional security — a guaranty from the plaintiff.

Because this case involves the sufficiency of the plaintiff's complaint, all of the allegations of the first count of the fourth amended complaint are set forth below:[3]

"I.

"At all times herein pertinent, The Oregon Bank was and now is an Oregon banking corporation, engaged in the banking business, including the lending of monies within the State of Oregon.

---

[1] Although the complaint lists two plaintiffs, the fourth amended complaint only seeks damages for the plaintiff Builders Equity, Inc. All references in this opinion are to that plaintiff.

[2] Other claims asserted by the plaintiffs have been decided in a related case, *Johnston v. The Oregon Bank*, 285 Or 423, 591 P2d 746 (1979).

[3] The parties agree that the second count of the fourth amended complaint is not involved in this appeal.

"II.

"At all times herein pertinent, Builders Equity, Inc. was a corporation authorized to do business within the State of Oregon.

"III.

"At all times herein pertinent, Builder's Equity, Inc. was a general partner with Paul E. Van Petten, an individual, in a partnership known as Van Petten Lumber Company, hereinafter for convenience referred to as 'the partnership'.

"IV.

"Said partnership owned and operated lumber sales yards in various locations in Eastern Oregon and Idaho. In order to finance its operations, said partnership borrowed money from Defendant, giving Defendant promissory notes executed by the general partners, as evidence of said obligations. Said notes were secured by security agreements by which the partnership granted to Defendant a security interest, among other things, in all inventory, raw materials, work in progress, and all products and proceeds therefrom, together with a security interest in all rights to payment arising out of said business.

"V.

"In consideration of said notes and security agreements, Defendant loaned the partnership $150,000.00 and granted the partnership a revolving line of credit secured by accounts receivable with a credit limit of $350,000.00 or 80% of accounts receivable less than 60 days old, whichever was less.

"VI.

"In or about July, 1972, the general partners, on behalf of the partnership, requested an adjustment in the credit formula to increase the revolving line of credit to $550,000.00 or 80% of accounts receivable less than 90 days old, whichever was less.

"VII.

"On or about July 20, 1972, Defendant agreed to said modification of the credit formula but required additional security as a condition to said modification.

[370]

## "VIII.

"In fulfillment of said condition, as a consideration for said modification, the general partners, on behalf of the partnership assets, and Plaintiff Builder's Equity, Inc., guaranteed the full $700,000.00 line of credit.

## "IX.

"Plaintiff also performed all other conditions precedent to Defendant's obligations under said agreement.

## "X.

"From and after the time entered into said agreement, the Defendant continuously breached said agreement by failing to grant the additional credit agreed upon.

## "XI.

"As a natural and proximate result of Defendant's failure to extend additional credit as called for under said modification of the agreement, the partnership was unable to obtain sufficient operating credit and ran into financial difficulty which, in turn, caused it to default on its obligations to various creditors, caused the partnership to become bankrupt, caused Plaintiff Builder's Equity, Inc.'s interest in said partnership as a going operation to be destroyed, caused Builder's Equity, Inc. to be destroyed as a going business, and caused Plaintiff to lose funds owed it by the partnership.

## "XII.

"As a result of the conduct of Defendant, as aforesaid, Plaintiff has been damaged as follows:

"1. $795,600.00 in diminished value of its partnership interest.

"2. $12,664.80 paid over to Bankruptcy Court in order to avoid being pulled into bankruptcy itself.

"3. in funds owed it by the partnership.

"4. $ in lost value as a going business."

The parties have not cited us to any case which is in point on this appeal, and we have found none. The case is unlike *Johnston, supra,* note 2, and *Weiss v. Northwest Accept. Corp.*, 274 Or 343, 546 P2d 1065 (1976), in

that in this case the plaintiff alleges that defendant induced it to enter a new and separate guaranty relationship, in return for the defendant's promise to lend money to Van Petten Lumber Company.

The plaintiff correctly relies upon the following statement from *Weiss* (274 Or at 349-350):

> "Plaintiff Weiss relies upon two guaranty cases: *Buschmann v. Professional Men's Association*, 405 F2d 659 (7th Cir 1959), and *Sacks et al. v. AFNB*, 258 Ind 189, 279 NE2d 807 (1972). These cases hold that the guaranty created a special duty to the guarantor which enabled the guarantor to maintain a cause of action, independent of the debtor corporation, against the person to whom the guaranty was extended. Neither case, however, is persuasive as in both cases the individual was induced to enter into the guaranty by the fraud or misrepresentation of the defendant. *For example, in the Sacks case the allegation was that the defendant bank represented to the individual plaintiff stockholder that if the plaintiff guarantied [sic] the loans to the corporation, the bank would provide continual financing of the corporation. The bank refused to continue financing and the plaintiff stockholder incurred liability on his guaranty.*

> "In contrast to *Sacks* and *Buschmann*, Weiss was not induced by Northwest to enter into any new and separate relationship. Plaintiff Weiss guarantied [*sic*] the debts of Fall Creek long before any alleged fraud was perpetrated by Northwest. Weiss' guaranties [*sic*] were in no way induced by or in consideration for any misrepresentations or broken promises by Northwest. Any injury Weiss suffered was in no way separate and distinct from any loss suffered by Fall Creek." (Emphasis added.)

As to the *Sacks* case, *supra,* the Supreme Court noted, in *Johnston v. The Oregon Bank* (285 Or at 428, note 1):

> "* * * * *.

> "*Sacks* holds nothing more than that a guaranty of a loan to a corporation *can be* the basis for a personal cause of action against the lender to whom the guaranty was given. There is no doubt that this is

[372]

so under circumstances different from the present case, but *Sacks* makes no mention of the circumstances under which it is so." (Emphasis in original.)

It is well known that banks often lend money to a person only if the loan is guaranteed by a third person. We have no problem in hypothesizing a set of facts where a guarantor sustains damage because a bank fails to advance funds which it had agreed to advance, particularly if the breach occurs midway through an ongoing lending arrangement. We therefore hold, consistent with the statement from *Johnston, supra,* quoted above (285 Or at 428, note 1) "that a guaranty of a loan to a corporation *can be* the basis for a personal cause of action against the lender to whom the guaranty was given," when the guaranty is given in return for the contemporaneous promise to lend money. (Emphasis in original.)

The plaintiff's fourth amended complaint alleges (1) execution of the contract, (2) consideration, (3) breach, and (4) damage. Those allegations are sufficient to withstand a demurrer. *Reliable Credit Assn. v. Credithrift of Amer.*, 280 Or 233, 237, 570 P2d 379, (1977). We therefore reverse and remand.