Argued and submitted November 12, 2019, affirmed August 12, petition for review allowed November 19, 2020 (367 Or 257)
See later issue Oregon Reports

Jeff GIST,
individually and on behalf of
all similarly situated,
*Plaintiff-Appellant,*

*v.*

ZOAN MANAGEMENT, INC.;
Senvoy, LLC; and Driver Resources, LLC,
a domestic limited liability company,
*Defendants-Respondents.*

Multnomah County Circuit Court
131115916; A159509

473 P3d 565

Defendants' petition to compel arbitration frustrated plaintiff's hope for class action wage claims. The trial court ordered the parties to arbitrate despite plaintiff's argument that the arbitration provisions were part of an unconscionable contract. On appeal, plaintiff argues that decision was in error, and contends that the arbitration provisions are unenforceable because the contract is procedurally and substantively unconscionable. The defendants disagree, adding that the issue is not reviewable. *Held*: The issue is reviewable, the arbitration provisions are enforceable, and substantive conflicts, if any, between plaintiff's wage claims and contract terms remain for resolution in arbitration. The trial court did not err in compelling the parties to arbitrate.

Affirmed.

Adrienne C. Nelson, Judge.

Lisa Hunt argued the cause for appellant. On the opening brief were Phil Goldsmith and Law Office of Phil Goldsmith; and David A. Schuck, Stephanie J. Brown, and Schuck Law, LLC. Also on the reply brief were Law Office of Lisa T. Hunt, LLC; and David A. Schuck and Shuck Law, LLC.

Erin N. Dawson argued the cause for respondents. Also on the brief were Charles J. Paternoster and Parsons Farnell and Grein, LLP.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Affirmed.

**DeVORE, P. J.,**

Defendants' petition to compel arbitration frustrated plaintiff's hope for class action wage claims. The trial court ordered the parties to arbitrate despite plaintiff's argument that the arbitration provisions were part of an unconscionable contract. On appeal, plaintiff contends that the arbitration provisions are unenforceable because the contract is procedurally and substantively unconscionable. The defendants disagree, adding that the issue is not reviewable. We conclude that the issue is reviewable, that the arbitration provisions are enforceable, and that substantive conflicts, if any, between plaintiff's wage claims and contract terms remain for resolution in arbitration.

## I.   PROCEEDINGS

Plaintiff was a delivery driver for defendant Driver Resources, LLC, which operates with defendants ZoAn Management, Inc. and Senvoy, LLC to provide delivery service to businesses. In December 2010, plaintiff signed a Driver Services Agreement with Driver Resources to work as a driver. In November 2013, plaintiff filed a putative class-action complaint against defendants, alleging wage and hour claims under Oregon law. The complaint sought unpaid wages (ORS 652.120; ORS 653.010), unpaid overtime wages (ORS 653.261), statutory penalty wages (ORS 652.150), compensation for unlawful deductions from wages (ORS 652.610), and recovery of attorney fees (ORS 652.200(2), ORS 652.615, and ORS 653.055(4)).

In May 2014, defendants petitioned the trial court for an order to stay proceedings and compel arbitration pursuant to the terms of the Driver Services Agreement.[1] Because the agreement did not provide for arbitration of class action claims, defendants sought arbitration of plaintiff's individual claims.[2] Plaintiff opposed the petition, contending that the arbitration provisions were unenforceable

---

[1] Although not parties to the agreement, ZoAn and Senvoy consented to arbitrate. That they are not contract parties has not been made an issue.

[2] Defendants relied on *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 US 662, 684, 130 S Ct 1758, 176 L Ed 2d 605 (2010) ("[A] party may not be compelled *** to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so.").

as part of an unconscionable contract. The trial court, how-ever, abated further proceedings and ordered the parties to arbitrate. After two unsuccessful attempts to initiate an appeal from the order, plaintiff filed a motion to dismiss his claims with prejudice, while reserving his challenge to the order on appeal. The trial court granted plaintiff's motion and entered a general judgment of dismissal.

Initially, plaintiff's appeal was rebuffed. Defendants moved to dismiss the appeal on the ground that the judg-ment was not appealable because plaintiff had requested it. This court dismissed. On review, the Oregon Supreme Court reversed our decision and remanded the case to us. *Gist v. ZoAn Management, Inc.*, 363 Or 729, 741, 428 P3d 893 (2018). In the process, the court clarified *Steenson v. Robinson*, 236 Or 414, 385 P2d 738 (1963), which provided a common-law rule limiting when a party may or may not appeal from a voluntarily-requested judgment. *Id.* at 738-39. The court held that *Steenson* did not bar plaintiff's appeal, because dismissal of all claims with prejudice prevented the risk of simply refiling the claims if he lost the appeal. *Id.* at 739-40. The court concluded that the judgment was appealable but expressed no view whether all the issues raised by plaintiff on appeal are reviewable. *Id.* at 731. The court added that "certain of defendants' arguments may more appropriately be directed to what issues the Court of Appeals may prop-erly review on appeal rather than the appealability of the judgment." *Id.* at 740.

## II.   REVIEWABILITY

By necessity, we begin with defendants' assertion that plaintiff's appeal is not reviewable. The assertion is ill-founded. Defendants cite *Snider v. Production Chemical Manufacturing, Inc.*, 348 Or 257, 267-68, 230 P3d 1 (2010), which involved an intermediate order—an order denying arbitration—and a defendant who delayed appealing the order and only later appealed from a judgment for plain-tiff. The court held that, while the eventual judgment was appealable, the earlier order was not reviewable, because ORS 36.730 had specially provided for an interlocutory appeal from an intermediate order *denying* arbitration, but the defendant had failed to timely appeal from that order.

*Id. Snider* is inapposite because the order here compels, not denies, arbitration. Because ORS 36.730 does not permit appeals from an order compelling arbitration, that statute does not apply, and it does not limit review of an order compelling arbitration. It does not limit review of such an order in an appeal from a final judgment.

Defendants also cite ORS 19.425, a general statute on appeals from judgments. It is a statute that, in an appeal from a judgment, allows review of earlier rulings. In relevant part, it provides, "Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment appealed from[.]" Defendants argue that an order to arbitrate does not involve the merits or affect the judgment. We disagree.

To explain, we recount that plaintiff made two earlier, unsuccessful attempts to initiate an appeal before this one. First, he attempted an appeal from the arbitration order itself, but he was forced to abort the attempt for lack of jurisdiction. Second, he asked the trial court to authorize an interlocutory appeal under ORS 19.225, but the court refused. Both attempts were efforts to avoid loss of the class action wage claims or impairment of the remedies contemplated in the complaint. Neither party disputes that, under prevailing law, arbitration means a loss of the class action process and a conversion to an individual's set of claims. *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 US 662, 684, 130 S Ct 1758, 176 L Ed 2d 605 (2010). Only after those failed attempts did plaintiff move to voluntarily dismiss his claims with prejudice. He did so to secure an appealable judgment that, as the Supreme Court has held, would allow him to challenge the order compelling arbitration. He was left with a judgment that, while allowing him to arbitrate the merits of his claims, denied his procedural opportunity to resolve those claims in court.[3] This record reveals that the order compelling arbitration resulted in the nature of the judgment of dismissal of plaintiff's claims. Consequently, the order "affected" the judgment and is reviewable on appeal

---

[3] This observation is not to imply, however, that plaintiff could not, after arbitration, seek to enforce an arbitration award in court. *See* ORS 36.522 (enforcement of arbitration award).

from that judgment. *See* ORS 19.425 (court may review the appeal of an intermediate order affecting judgment).

## III.   ARBITRATION

A.  *Arguments*

On appeal, plaintiff contends that the trial court erred in compelling arbitration because the parties' arbitration provisions were part of an unconscionable contract. He argues that the Driver Services Agreement was procedurally unconscionable because it was a form agreement presented to him as a precondition to employment. He argues that the agreement was substantively unconscionable in several ways. First, he argues that arbitration is too expensive. The agreement presumes that he may pay half the cost of the fees of a three-person arbitration panel. He argues that his half of the cost could be $9,375 if there was a two-day hearing. By the time of the dispute, he said he was unemployed and could not afford the cost. Second, he argues that the agreement requires that each party pay their own attorney fees. He contrasts his right to recover attorney fees with a wage claim, if successful, under ORS 652.200(2). Third, he argues that the arbitrators are forbidden by the agreement from rewriting the terms of the agreement. In his view, that provision could mean that the Driver Services Agreement denies him the more favorable terms of Oregon wage claim statutes. All things taken together, plaintiff urges the court to declare the agreement, as a whole, unconscionable, rendering its arbitration provisions unenforceable.

Defendants respond that federal precedent takes much of the force out of plaintiff's arguments because, in substantial part, plaintiff challenges inherent attributes of arbitration, which case law favors despite plaintiff's criticism. As for procedural unconscionability, defendants respond that plaintiff was free to negotiate the terms of the agreement, "which many contractors do, especially as to the price to be paid under the contract." On substantive unconscionability, defendants respond that the agreement permits the arbitrators to shift the division of the arbitrators' fees to the losing party. Defendants suggest that the arbitration may take less time and cost less than plaintiff says. On attorney fees, defendants argue that the agreement

is not *per se* unconscionable just because each party bears their own fees. They argue that the provision is mutual in that the provision applies just the same if defendants were asserting claims under the non-competition or non-solicitation provisions of the agreement. On the issue of differences between the provisions and remedies of the agreement versus those of wage claims, defendants argue that those are matters for arbitration, not the court. Moreover, defendants say, "Plaintiff is not prohibited from bringing statutory wage-and-hour claims to arbitration." Defendants allow that such claims are within the scope of the agreement. All things taken together, defendants contend that the arbitration provisions are enforceable.

B.   *Law*

The parties agree that the law that governs the agreement's arbitration provisions is the Federal Arbitration Act (FAA), 9 USC §§ 1 to 16 (1990), and Oregon's Uniform Arbitration Act (UAA), ORS 36.600 to 36.740. Two limitations of federal law frame our review of unconscionability and play a role in this case.

The first limitation flows from the so-called "savings clause" found in the conclusion of section 2 of the FAA. That section provides:

> "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction *** shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract*."

9 USC § 2 (emphasis added). The italicized savings clause provides an exception to enforceability that permits a party resisting arbitration to assert contract defenses, such as fraud, duress, or unconscionability. *AT&T Mobility LLC v. Concepcion*, 563 US 333, 339, 131 S Ct 1740, 179 L Ed 2d 742 (2011). The savings clause is the source of our review for unconscionability.

The savings clause, however, does not permit defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is

at issue. *Id.* "[T]his means the saving clause does not save defenses that target arbitration either by name or by more subtle methods, such as by interfer[ing] with fundamental attributes of arbitration." *Epic Systems Corp. v. Lewis*, ___ US ___, ___, 138 S Ct 1612, 1622, 200 L Ed 2d 889 (2018) (internal quotation marks omitted). For example, to declare unconscionable an arbitration provision that waived class action proceedings is an attack on "the individualized nature of the arbitration proceedings" and an interference "with one of arbitration's fundamental attributes." *Id.* That construction of the savings clause—rejecting claims of unconscionability that would impair the individualized attributes of arbitration—is thought to protect the "principal advantage of arbitration—its informality." *Concepcion*, 563 US at 348. It is meant to assure what are assumed to be "the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes." *Id.*

The second limitation from federal law concerns the question whether the court's determination of unconscionability concerns primarily the arbitration provisions themselves or, more broadly, considers the substantive provisions of the parties' whole agreement. That question arises because arbitration agreements regularly provide that arbitrators are to resolve all disputes involving the agreement. This case is no exception. The central arbitration provision of the agreement states:

> "[A]ny dispute, claim or controversy that arises out of or relates to this Agreement, the interpretation or breach thereof, the existence, scope or validity of this Agreement, or relates to the enforcement thereof, shall be resolved by binding arbitration."

After studying two decisions of the United States Supreme Court, *Prima Paint v. Flood & Conklin Mfg. Co.,* 388 US 395, 87 S Ct 1801, 18 L Ed 2d 1270 (1967), and *Buckeye Check Cashing, Inc. v. Cardegna,* 546 US 440, 126 S Ct 1204, 163 L Ed 2d 1038 (2006), we answered the question. We stated:

> "Read together, the cases establish that the court is the proper forum if the claim [of invalidity] addresses only the arbitration clause or if it addresses the arbitration clause

under a legal theory that is different from the theory that it deploys to challenge the entire contract."

*Vasquez-Lopez v. Beneficial Oregon, Inc.*, 210 Or App 553, 563, 152 P2d 940 (2007). Put another way, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id.* at 562 (quoting *Buckeye,* 546 US at 449). We observed:

"[I]n *Prima Paint,* the Court explained that the rule derives from the text of 9 USC section 4: 'Under § 4, *** the federal court is instructed to order arbitration to proceed once it is satisfied that "the making of the agreement for arbitration *** is not *in issue.*""

*Id.* at 565 (quoting *Buckeye*, 546 US at 403) (emphasis in *Vasquez-Lopez*); *see also Rent-A-Center, West, Inc. v. Jackson*, 561 US 63, 72, 130 S Ct 2772, 177 L Ed 2d 403 (2010) (unless the plaintiff "challenged the [arbitration] provision specifically, we must treat it as valid under [section] 2, and must enforce it ***, leaving any challenge to the validity of the Agreement as a whole for the arbitrator").

After those two limitations frame our review, we look to state law to determine whether a contract's arbitration provisions are unconscionable. *See Vasquez-Lopez,* 210 Or App at 560. Under Oregon law, unconscionability is a question of law that must be determined based on the facts in existence at the time the contract was made. *Best v. U. S. National Bank,* 303 Or 557, 560, 739 P2d 554 (1987). The party who asserts unconscionability bears the burden of showing that the arbitration clause is unconscionable. *W. L. May Co. v. Philco-Ford Corp.,* 273 Or 701, 707, 543 P2d 283 (1975). We have explained that the test for unconscionability has procedural and substantive components. "Procedural unconscionability refers to the *conditions* of contract formation, and substantive unconscionability refers to the *terms* of the contract." *Motsinger v. Lithia Rose-FT, Inc.*, 211 Or App 610, 614, 156 P2d 156 (2007) (emphasis in original).

Procedural unconscionability focuses on oppression and surprise. We may find oppression when there is inequality in bargaining power between the parties to a contract, allowing no real opportunity to negotiate the terms of

the contract. *Vasquez-Lopez*, 210 Or App at 567. Surprise may be found when the terms were hidden from the party seeking to avoid enforcement of the agreement. *Id.* at 566. "Unconscionability may involve deception, compulsion, or lack of genuine consent." *Id.* at 567. For example, procedural unconscionability was found where, among other things, home-mortgage borrowers were misled to believe that arbitration was not binding. *Id.* at 558, 568.

"Substantive unconscionability generally refers to the terms of the contract as opposed to the circumstances of formation[.]" *Id.* at 567. For example, substantive unconscionability has been found where, among other things, all costs were imposed on the party making the claim, after splitting costs equally only for the first day of hearing. *Id.* at 558, 573-74. Beyond these factors, Oregon has not adopted a formal template. *Id.* at 567. Each case is decided on its own facts. *Id.* at 566.

C. *Application*

1. *Take it or leave it*

As for procedural unconscionability, plaintiff does not claim surprise, hidden terms, or misrepresentation involving execution of the Driver Services Agreement. Instead, he claims "oppression" insofar as he was offered the contract on a take-it-or-leave-it basis. That is, the Driver Services Agreement was a precondition for work. That, however, speaks to the entirety of the agreement, and, as to that, defendants respond, and plaintiff does not dispute, that payment was negotiable. More to the point, the arbitration provisions themselves were plainly expressed and, by all indications, routinely presented. An agreement to arbitrate is not unconscionable by its nature. *See Motsinger*, 211 Or App at 624 ("Oregon law and the FAA favor arbitration as a means for resolving disputes."). As for procedural unconscionability, plaintiff offers little else. *See Sprague v. Quality Restaurants Northwest, Inc.*, 213 Or App 521, 526, 162 P3d 331, *rev den*, 343 Or 223 (2007) (agreement was not procedurally unconscionable when no different than the typical employment, consumer, or service contracts that are a common feature of contemporary commercial life).

2. *Arbitrators' fees*

Primarily, plaintiff stakes his claim on substantive unconscionability. On that issue, he leads with an argument that arbitration is unconscionable because the expense of arbitrators' fees denies him access to arbitration. One of the arbitration provisions provides, in part, that each party "shall pay an equal share of any required administrative fees and arbitration panel compensation." He complains that, under rules of the Arbitration Service of Portland (ASP), three arbitrators on a panel may bill up to $250 per hour each, such that his half of fees for a two-day arbitration could reach $9,375. He says he is unable to pay or unwilling to incur such expense.

Defendants point out that there is more to that arbitration provision. The arbitrators' fees may be shifted. At paragraph 14.5, the provision continues:

> "Notwithstanding the foregoing, such expenses of arbitration may be recovered from the non-prevailing parties by the prevailing party as the arbitrator may decide in accordance with Section 14.8."

In turn, paragraph 14.8 provides:

> "The arbitrator shall have the authority only to conclude whether the parties to the arbitration are entitled to relief, to determine damages if required to do so under this Section, and to provide for the division of ASP fees and ASP assessed expenses of the arbitration between the parties[.]"

Plaintiff does not deny that arbitration fees may be shifted to the losing parties, but insists that the risk of such costs is nonetheless a barrier to arbitration.[4]

As quoted above, the arbitrators may determine damages when deciding the division of fees. As concerns our inquiry, however, plaintiff did not plead the sum of damages that he seeks to recover on any of his claims for unpaid wages, overtime, or penalty wages. Despite the requirements of ORCP 18 B, plaintiff did not make known in his

---

[4] Plaintiff seems to argue that he must pay the arbitrators' fees before arbitration, but the arbitration provision necessarily contemplates fees are assessed after the completion of arbitration when arbitrators' time is tallied and an award is made.

complaint the "amount" of "recovery of money or damages [that] is demanded."[5] Plaintiff has not disclosed the sums at issue, later—either in his declaration or in statements in the trial court. Given that lack of information, the relative significance of a provision that plaintiff pay half or less of arbitration fees, in relation to the amount he recovers, is unknowable. As a result, a court cannot assess, with one piece of a puzzle, whether arbitration expense indicates unconscionability.

Where arbitration expense *has* indicated substantive unconscionability, the terms of the arbitration provision itself revealed unconscionability. In *Vasquez-Lopez*, unlike this case, the arbitration provision did not allow for shifting the arbitration expense to the losing party. Instead, it provided that, the cost of the first day's arbitration was divided equally, and the fees for all additional days of arbitration were imposed entirely on the borrower making the claim. 210 Or App at 558, 574. We did not need to speculate about what the costs might be, because the "onerous" nature of arbitration expense appeared in the arbitration provision itself. *Id.*

On the other hand, in *Motsinger*, the arbitration provision did not indicate who would pay arbitration expenses and plaintiffs did not provide information on likely costs. We summarized the situation:

"Thus, we are required to speculate as to (1) whether plaintiff will bear any costs at all in the arbitration, (2) if so, what those costs would be, and (3) what deterrent effect, if any, those potential costs would have on plaintiff's ability to bring an action to vindicate her rights. We will not invalidate the arbitration clause simply because of the possibility

---

[5]  In relevant part, ORCP 18 provides:

"A pleading which asserts a claim for relief * * * shall contain:

"* * * * *

"B. A demand of the relief which the party claims; if recovery of money or damages is demanded, the amount thereof shall be stated[.]"

We recognize that plaintiff's reticence in pleading damages could be the result of uncertainty about pleading damages in a class action and, further, that defendants apparently did not move to make the complaint more definite and certain. That said, the absence of information matters here, because it remains plaintiff's burden to establish unconscionability. *W. L. May Co.,* 273 Or at 707.

that plaintiff, if she were to lose, would bear some undetermined costs of arbitration."

*Motsinger*, 211 Or App at 618. On that record, we rejected the argument that the potential costs of arbitration render the arbitration provision unconscionable. *Id*. at 619.

In this case, we do not know that plaintiff will bear any costs in arbitration, because arbitration fees *can be* shifted to the losing party. The parties disagree as to what the fees for arbitration might be, and we do not know the amount of those fees in proportion to the amount of damages that plaintiff may recover. We do see that the written provisions for arbitrators' fees do not impose a predetermined and disproportionate division of fees upon plaintiff. When the fee provisions themselves are not onerous and when plaintiff's factual information is incomplete, we cannot rely on speculation to declare arbitration costs unconscionable. *Id*. at 619. On this record, we cannot determine that the cost of arbitration is truly a barrier to arbitration or an indication of unconscionability. *Id*.; *see also Green Tree Financial Corp.- Ala. v. Randolph*, 531 US 79, 91, 121 S Ct 513, 148 L Ed 2d 373 (2000) (an arbitration clause, indeterminate as to who bears costs, is insufficient to show clause unenforceable).

   3.   *Attorney fees*

Plaintiff next argues that the arbitration is substantively unconscionable due to an arbitration provision on attorney fees. Due to the nature of the law, we unpack his single argument into its two component parts and address them separately. We first address the significance of the arbitration provision on attorney fees, in itself, and we address separately plaintiff's argument that the provision may deny his right to recover attorney fees on his wage claim under ORS 652.200(2).

When determining unconscionability, we review a provision on attorney fees as a factor in our determination. *Livingston v. Metropolitan Pediatrics, LLC*, 234 Or App 137, 154-55, 227 P3d 796 (2010). As with other terms involving substantive unconscionability, our review pays particular attention to the prospect of one-sided terms. *Vasquez-Lopez*, 210 Or App at 567; *see also Livingston*, 234 Or App at 152-53

("Our inquiry focuses on whether there are * * * one-sided or unreasonably unfair terms in the arbitration clause that render it substantively unconscionable."). In this agreement, the provision on attorney fees dictates that

> "each party shall bear the cost of attorneys, expert witnesses, or other expenses incurred by that party, and the arbitrator shall have no authority to allocate or apportion such costs."

Plaintiff complains that the provision denies his recovery of attorney fees from defendants in a claim on the agreement. Defendants rejoin that the provision is nonetheless mutual. They note that, if plaintiff were to breach the agreement or violate its terms on confidentiality or noncompetition, defendants' claim against plaintiff would be treated the same. Defendants, like plaintiff, would pay their own attorney fees.

We considered the role of an attorney fee provision on unconscionability in *Livingston*. In that case, the plaintiff had brought common-law tort claims and statutory claims of discrimination and whistle-blowing. *Livingston*, 234 Or App at 139. Plaintiff resisted arbitration, arguing unconscionability. *Id.* at 139-40. An arbitration term contained a familiar provision that the prevailing party may recover its attorney fees from the other party. *Id.* at 154. The plaintiff complained that the attorney fee provision shifted to him the risk of paying attorney fees if he did not prevail on certain tort claims or statutory employment claims. *Id.* at 153. We assumed that prospect only for the sake of discussion. *Id.* at 154. The court had only the written terms with which to assess unconscionability and no further information from the plaintiff. *Id.* at 155. We concluded that it was speculative to conclude that a prevailing party attorney fee provision would deter or unreasonably burden the plaintiff's ability to pursue his common-law or statutory claims. *Id.* The plaintiff failed to prove unconscionability. *Id.*

In this case, the attorney-fee provision is not one-sided. It is even-handed; each party pays its own attorney fees. There is no "unreasonably unfair" term that would treat plaintiff differently from defendants. *Id.* at 153. Nor is there even any risk that, if plaintiff did not prevail, he

would owe defendants' attorney fees. As in *Livingston*, we are presented with nothing but the written terms of the agreement, and, from them, we cannot determine that the attorney-fee provision, in itself, is an indication of unconscionability. *Id.* at 156; *see also Le v. Gentle Dental of Oregon*, No 09-1352-AC, 2010 WL 3394542 at *9 (D Or Jul 29, 2010) (prevailing-party attorney fee provision in arbitration clause of employment agreement did not show unconscionability).

### 4. *Conflicts with wage-claim statutes*

We recognize that plaintiff's argument is not with the attorney-fee provision itself. Rather, plaintiff argues that the attorney-fee provision seems to deny him the potential to recover attorney fees on his wage claims under Oregon statutes (*i.e.*, ORS 652.200(2), ORS 652.615, and ORS 653.055(4)). The issue is not that arbitrators lack the ability to award attorney fees as provided by statute. The arbitrators' rules here do permit them to award attorney fees as provided by law.[6] The issue is that an arbitration provision of the Driver Services Agreement seems to provide a different rule.

That provision on attorney fees is but the first of six conflicts that plaintiff cites in support of his argument that the agreement, as a whole, is unconscionable and contrary to the public policy expressed in Oregon's statutes on wage claims. Plaintiff complains of five other conflicts between the agreement and wage and hour laws. For example, he complains that the agreement's payment terms permit payment later than the time specified in ORS 652.120(5), which requires an employer with notice that an employee has not been fully paid on a regular payday to pay no later than the next regular payday. And, he complains that the agreement provides, upon termination, for a final settlement check

---

[6] In part, the ASP arbitration rules provide:

"Unless the agreement of the parties or a statute provides differently, the award of the arbitrator(s) may require a party to pay or reimburse any other party for all or any portion of * * *

"* * * * *

"reasonable attorney fees, if authorized by contract, or by law[.]"

ASP, *Procedural Rules for Arbitration* Rule 33, https://arbserve.com/pages/procedural_rules_14.htm (accessed Jul 10, 2020).

within 45 days of the driver's final invoice—contrary to the prompt payment deadlines of ORS 652.140(2)(c) and ORS 652.150(1)(b).

With such conflicts between the Driver Services Agreement and the Oregon's wage and hour law as illustrations, plaintiff stresses two ultimate but conflicting mandates. On the one hand, an arbitration provision declares:

"The arbitrator * * * shall have no authority to alter, amend or modify any of the terms and conditions of this Agreement, and further, the arbitrator may not enter any award which alters amends or modifies the terms or conditions of this Agreement in any form or manner."

On the other hand, Oregon law declares:

"An employer may not by special contract or any other means exempt the employer from any provision of or liability or penalty imposed by ORS 652.310 to 652.414 or any statute relating to the payment of wages, except insofar as the Commissioner of the Bureau of Labor and Industries in writing approves a special contract or other arrangement between the employer and one or more of the employer's employees. The commissioner may not give approval unless the commissioner finds that such contract or arrangement will not prejudicially affect the interest of the public or of the employees involved, and the commissioner may at any time retract such approval, first giving the employer not less than 30 days' notice in writing."

ORS 652.360(1). In his argument, plaintiff appears to assume the primacy of the Driver Services Agreement over his rights under Oregon's wage and hour laws. Making that assumption, he argues that the whole of the Driver Services Agreement is contrary to statute and thus is unconscionable.[7]

---

[7] To underscore his challenge to the whole of the Driver Services Agreement, plaintiff refers to a consent judgment in another case involving defendants. In that suit, brought by the United States Secretary of Labor under the Federal Labor Standards Act, 29 USC §§ 206, 207, 211(c), 215(a)(2), (3), and (5) (2016), defendants stipulated to a judgment, among other things, that they shall not fail to classify anyone who provides delivery services as nonexempt employees, shall not pay employees less than minimum wages, shall not pay less than time-and-a-half wages for time over a 40-hour work week, and shall not withhold payment of a sum of back wages. Notwithstanding the importance of that judgment as to the merits of those federal wage claims, that judgment does not pertain to the question of unconscionability of the arbitration provisions at issue here.

Plaintiff's argument loses sight of the law that frames our review of unconscionability. The court is the proper forum when the determination of unconscionability concerns the arbitration provisions. When, however, challenges concern the validity of the contract as a whole or the validity of unrelated terms, the challenges must go to the arbitrator. *See Vasquez-Lopez*, 210 Or App at 562 (quoting *Buckeye,* 546 US at 446).

In this case, arbitration can certainly resolve those questions. The central arbitration provision is broad. It permits the arbitrators to resolve "any dispute, claim or controversy that arises out of or relates to this Agreement, the interpretation or breach thereof, the existence, scope, or validity of this Agreement, or relates to the enforcement thereof." Defendants allow that plaintiff's wage claims can be considered in arbitration. We do not presume to suggest what the arbitrators will determine, but we are not unmindful how plaintiff's arguments here are capable of resolution there. The arbitrators could resolve the conflict between the ultimate mandates, noted above, determining that Oregon law controls and is enforceable. Read in context with other part of the arbitration agreement (including its severability provision), the limitation on the arbitrators' authority to "alter, amend or modify" terms is not plausibly read as a restriction on their authority to determine what terms are enforceable or what law is controlling. If they decide that ORS 652.360(2) governs, they would not themselves rewrite the parties' agreement, contrary to the agreement. They would only recognize that terms—those written by the Oregon legislature—control. If they so decide, they could resolve conflicts, if any, between the parties' agreement and plaintiff's right to recover attorney fees or any other term of Oregon's wage and hour laws.

In short, the half-dozen conflicts that plaintiff raises, as between the agreement and Oregon statute, are not matters that relate to this court's consideration of unconscionability. They are simply legal disputes for resolution in due course by the arbitration panel.

## IV.   CONCLUSION

We conclude that the issues presented are reviewable, that the arbitration provisions of the agreement are not unconscionable, and that the trial court did not err in compelling the parties to arbitrate. Plaintiff's claims remain for resolution in arbitration.

Affirmed.