Argued and submitted May 4, 2021, decision of Court of Appeals and judgment of circuit court affirmed July 8, 2022

Jeff GIST,
individually and on behalf of
all similarly situated,
*Petitioner on Review,*

*v.*

ZOAN MANAGEMENT, INC.;
Senvoy, LLC; and
Driver Resources, LLC,
a domestic limited liability company,
*Respondents on Review.*

(CC 1311-15916) (CA A159509) (SC S067992)

513 P3d 578

Plaintiff and defendants entered into a contract for plaintiff to provide delivery services for defendants. The contract states that drivers are independent contractors, and it provides for binding arbitration of disputes arising out of the contract. While the contract prohibits arbitrators from modifying the contractual terms, it also contains a severability clause as to any contractual provisions that are unenforceable. Plaintiff later filed a civil action against defendants asserting that he was actually an employee. When defendants moved to compel arbitration, plaintiff contended that the arbitration agreement was unenforceable as against public policy; he argued that it prohibited the arbitrators from modifying the contract, and so it prevented them from granting relief that Oregon law requires to be granted to employees. The trial court granted the motion to compel arbitration, and the Court of Appeals affirmed. *Held*: (1) The severability clause authorizes the arbitrators to disregard invalid or unenforceable provisions of the contract; (2) the severability clause permitted the arbitrators to disregard contractual provisions that would otherwise prohibit them from granting plaintiff any relief required by Oregon law; and (3) accordingly, the arbitration agreement was enforceable.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

On review from the Court of Appeals.*

Lisa T. Hunt, Law Office of Lisa T. Hunt, Lake Oswego, Oregon, argued the cause and filed the briefs for petitioner on review. Also on the briefs was David A. Schuck, Schuck Law LLC, Vancouver, Washington.

_____

* Appeal from Multnomah County Circuit Court, Adrienne C. Nelson, Judge. 305 Or App 708, 473 P3d 565 (2020).

Nicholas V. Beyer, Parsons Farnell & Grein, LLP, Portland, Oregon, argued the cause for respondents on review. Charles J. Paternoster filed the brief. Also on the brief was Nicholas V. Beyer.

Christina E. Stephenson, Meyer Stephenson, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Walters, Chief Justice, and Balmer, Flynn, Duncan, and Garrett, Justices, and Baldwin, Senior Judge, Justice pro tempore.**

DUNCAN, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

_____

** Nelson, J., and DeHoog, J., did not participate in the consideration or decision of this case.

**DUNCAN, J.**

After plaintiff filed this class-action complaint against defendants in the trial court, defendants filed a motion to compel arbitration. The trial court granted the motion. Plaintiff appealed, and the Court of Appeals affirmed. *Gist v. ZoAn Management, Inc.*, 305 Or App 708, 473 P3d 565 (2020). On plaintiff's petition, we allowed review. For the reasons explained below, we affirm.

Plaintiff and defendants executed a contract—the "Driver Services Agreement" (DSA)—for plaintiff to provide delivery services for defendants.[1] The DSA states that drivers are independent contractors.

The DSA includes a section on dispute resolution. That section provides that any party "may propose mediation as appropriate" as a means for resolving a dispute arising out of or relating to the DSA. It then provides that, if the parties do not pursue mediation or mediation fails, "any dispute, claim or controversy" arising out of or relating to the DSA—including disputes about "the existence, scope, or validity" of the DSA itself—shall be resolved through binding arbitration conducted by a panel of three arbitrators.

The DSA also includes a savings clause, which allows for the severance of any invalid or unenforceable term or provision of the DSA. The savings clause provides:

> "If any term or provision of [the DSA] or the application of it to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of [the DSA] and the application of such term or provision to other persons or circumstances shall not be affected and shall be enforced to the fullest extent allowed."

Thus, the DSA reflects the parties' agreement that, if the arbitrators determine that a term or provision of the DSA is invalid or unenforceable, the arbitrators have the authority to disregard that term or provision and apply the remaining provisions of the DSA.

---

[1] Plaintiff's contract was signed only with defendant Driver Resources, LLC. The parties do not suggest, however, that that should affect our conclusions here as it might bear on the other defendants, ZoAn Management, Inc., and Senvoy, LLC.

Approximately three years after the parties executed the DSA, plaintiff filed a complaint against defendants, asserting that he was not an independent contractor, but instead was an employee and that defendants had violated Oregon statutes governing employee wages and hours. Plaintiff brought his claims as a class action on behalf of himself and "all current and former individuals subject to" the DSA.

In response to plaintiff's complaint, defendants filed a motion to compel arbitration, pursuant to the Federal Arbitration Act (FAA). 9 USC §§ 1 *et seq.* Plaintiff did not dispute that the FAA applied. Instead, he argued that the arbitration agreement in the DSA was not enforceable because it is unconscionable.[2] As mentioned, the trial court granted defendants' motion, defendants appealed, the Court of Appeals affirmed, and we allowed review.

Under the FAA, courts can only consider the unconscionability of the arbitration provisions specifically, not of the DSA as a whole. The United States Supreme Court has made this quite clear:

> "First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is

---

[2] In the trial court and the Court of Appeals, plaintiff and defendants both treated the FAA as applicable and contested only whether section 2 of that act required courts to enforce the arbitration provisions of the DSA. *See* 9 USC § 2 (arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"). Now, for the first time on review, plaintiff and *amicus curiae* attempt to raise an issue under section 1 of the FAA, arguing that the FAA does not apply at all because plaintiff allegedly qualifies for the transportation-worker exception to the FAA. *See* 9 USC § 1 ("[N]othing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."). That argument is undisputedly unpreserved. Nevertheless, plaintiff and *amicus* assert that the issue is properly before us because we have an obligation to interpret statutes correctly. It is true that, when we interpret a statute, we are not limited to the interpretations proffered by the parties. But plaintiff had never raised any issue regarding section 1 of the FAA, and he may not do so for the first time on review. *See, e.g.*, *Newport Church of Nazarene v. Hensley*, 335 Or 1, 16-17, 56 P3d 386 (2002) (court may consider interpretations of statute not argued by parties, but only "so long as the issue of the meaning of the statute has been preserved"). Therefore, we do not address the applicability of the transportation-worker exception.

considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts."

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 US 440, 445-46, 126 S Ct 1204, 163 L Ed 2d 1038 (2006); *see also Rent-A-Center, West, Inc. v. Jackson*, 561 US 63, 70, 130 S Ct 2772, 177 L Ed 2d 403 (2010) ("[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate.").

On review, plaintiff argues, *inter alia*, that the arbitration agreement within the DSA is unconscionable because it requires him to arbitrate his wage and hour claims but prohibits the arbitrators from granting him relief on those claims. Plaintiff bases his argument on a provision of the arbitration agreement that states that the arbitrators cannot "alter, amend or modify" the terms and conditions of the DSA. Plaintiff argues that, because the DSA classifies drivers as independent contractors and the arbitration agreement prevents the arbitrators from altering, amending or modifying the terms of the DSA, the arbitration agreement prohibits the arbitrators from concluding that he is an employee and enforcing his rights as an employee under Oregon's wage and hour statutes, including his right to attorney fees. Therefore, plaintiff further argues, the arbitration agreement is unconscionable because it is contrary to public policy, as codified in ORS 652.360(1), which generally prohibits employers from using a "special contract or any other means" to exempt themselves from any statute relating to the payment of wages.

Defendants disagree with plaintiff's reading of the provision that the arbitrators cannot "alter, amend or modify" the DSA. Noting that the arbitration agreement provides that the arbitrators have authority to decide "any dispute, claim or controversy" that arises out of or relates to the DSA, defendants concede that the arbitrators' authority "certainly includes questions as to whether drivers are independent contractors or are entitled to the benefits of classification as employees under Oregon's wage and hour statutes." Defendants state, "The DSA does not deny the

arbitrator[s] the authority to classify the drivers as employees and apply the corresponding law."[3] Defendants also state that, "[a]lthough a party to an arbitration agreement may limit the subject matter of the dispute the parties submit to the arbitrator, the parties cannot, and did not, control the legal analysis that the arbitrator[s] may apply to that dispute." Therefore, defendants conclude, "An arbitration agreement that limits the arbitrator's authority to 'alter, amend, or modify' the terms of the DSA does not limit any statutorily mandated rights"—a concession that we understand to include all rights under Oregon's wage and hour statutes, including the right to attorney fees.

The Court of Appeals agreed with defendant's reading of the DSA, as do we. As the Court of Appeals explained, read in the context of the DSA as a whole, the provision that the arbitrators may not "alter, amend or modify" the terms and conditions of the DSA "is not plausibly read as a restriction on their authority to determine what terms are enforceable or what law is controlling." *Gist*, 305 Or App at 724. As mentioned, the DSA provides for the severance of invalid or unenforceable terms or conditions. Thus, although the DSA provides that the arbitrators may not "alter, amend or modify" the terms or conditions of the DSA, it allows for the possibility that some provisions may be invalid or unenforceable and for the severance of such terms and provisions. The DSA itself therefore shows that the parties expected the arbitrators to disregard invalid or unenforceable provisions of the DSA.

Consequently, the DSA does not prevent the arbitrators from concluding that the DSA's provisions classifying the drivers as independent contractors are invalid or unenforceable and that plaintiff was an employee. If the arbitrators so conclude, then they can resolve plaintiff's claims under Oregon's wage and hour statutes.

---

[3] We note that, at this point in the case, defendants concede that "the substance of th[e] dispute" between the parties about whether drivers are independent contractors or employees "is no longer in debate," because of a consent judgment and order entered in another case, to the effect that the drivers are employees. (Citing Consent Judgment and Order, *Acosta v. Senvoy, LLC*, Case No. 3:16-cv-2293-JR (D Or, Oct 12, 2018)).

In sum, nothing in the DSA prohibits the arbitrators from granting plaintiff any relief he might be entitled to under Oregon's wage and hour statutes. Therefore, we reject plaintiff's claim that the parties' arbitration agreement violates ORS 652.360. Because the arbitration provision does not violate that statute, it is not unconscionable.[4]

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[4] Plaintiff makes other arguments on review. We reject those arguments without further discussion.