***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted December 2, 2022, affirmed May 17, 2023

Jovita GARZA,
*Plaintiff-Appellant,*

*v.*

RECOLOGY OREGON RECOVERY, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV29182; A176132

Kelly Skye, Judge.

Michael J. Ross argued the cause for appellant. Also on the opening brief were Ross Law Office and Quinn Kuranz and The Office of Q.E. Kuranz, AAL, LLC. On the reply brief were Quinn E. Kuranz and The Office of Q.E. Kuranz, AAL, LLC.

Megan J. Crowhurst argued the cause for respondent. Also on the brief were Cristin Casey and Littler Mendelson, P. C.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Kamins, Judge.*

KAMINS, J.

Affirmed.

_____

\* Kamins, J., *vice* James, J. pro tempore.

**KAMINS, J.**

Defendant terminated plaintiff's employment and plaintiff subsequently sued, alleging discrimination and retaliation. Defendant moved to compel arbitration and the trial court granted the motion. Plaintiff now appeals, asserting that the trial court erred, because the arbitration agreement is unconscionable. We affirm.

Plaintiff was terminated from employment at a waste management company in 2019 for allegedly violating the salvaging policy. She filed suit arguing that her termination was discriminatory and retaliatory. Defendant successfully moved to compel arbitration, and the arbitrator ultimately ruled in favor of defendant on all of plaintiff's claims. On appeal, plaintiff argues that the trial court erred in granting the motion to compel arbitration because the arbitration agreement is both procedurally and substantively unconscionable.

We review whether a contract is unconscionable for legal error based on the facts in existence at the time the contract was made. *Vasquez-Lopez v. Beneficial Oregon, Inc.*, 210 Or App 553, 566, 152 P3d 940 (2007). The Federal Arbitration Act "places arbitration agreements on an equal footing with other contracts" and "requires courts to enforce them according to their terms[.]"[1] *Rent-A-Center, West, Inc. v. Jackson*, 561 US 63, 67-68, 130 S Ct 2772, 177 L Ed 2d 403 (2010) (citations omitted). "Like other contracts, however, [arbitration agreements] may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Id*. at 68 (citation and internal quotation marks omitted). "The party asserting unconscionability bears the burden of demonstrating that the provision in question is unconscionable." *Livingston v. Metropolitan Pediatrics, LLC*, 234 Or App 137, 151, 227 P3d 796 (2010).

When an arbitration agreement contains a delegation provision, the only issue for the trial court to address is the validity of the delegation provision. *See Rent-A-Center*, 561 US at 72 ("[U]nless [plaintiff] challenge[s] the delegation

---

[1] The terms of the arbitration agreement dictate that the agreement is governed by the Federal Arbitration Act.

provision specifically, we must treat it as valid * * * and must enforce it * * * leaving any challenge to the validity of the Agreement as a whole for the arbitrator."); *see also Gozzi v. Western Culinary Institute, Ltd.*, 276 Or App 1, 16, 366 P3d 743, *adh'd to as modified on recons*, 277 Or App 384, 371 P3d 1222 (2016) (summarizing *Rent-A-Center* to mean that "a challenge to the delegation provision in particular * * * [is] the only avenue for challenging an arbitration agreement that has a delegation provision"). Therefore, in reviewing the trial court's grant of the motion to compel arbitration in this case, we focus on plaintiff's arguments that target the delegation provision.

Plaintiff argues that the delegation provision is both procedurally and substantively unconscionable. *See Hatkoff v. Portland Adventist Medical Center*, 252 Or App 210, 217-18, 287 P3d 1113 (2012) (recognizing that the test for unconscionability has two components, procedural and substantive). "Procedural unconscionability refers to the conditions of contract formation" whereas "[s]ubstantive unconscionability * * * generally refers to the terms of the contract * * * and focuses on whether the substantive terms contravene the public interest or public policy." *Bagley v. Mt. Bachelor, Inc.*, 356 Or 543, 555, 340 P3d 27 (2014).

Plaintiff contends that the agreement contained elements of oppression and surprise so as to render it procedurally unconscionable. *See id*. (recognizing that procedural unconscionability "focuses on two factors: oppression and surprise"). First, plaintiff argues that the unequal bargaining power between herself and defendant and the fact that she was required to sign the agreement as a condition of her promotion amount to "oppression." Second, plaintiff contends that her limited English language abilities prevented her from understanding the agreement's terms and the agreement's length (five pages) when combined with the other documents she was required to sign (seven pages) was overwhelming such as to constitute "surprise."

Although the situation plaintiff faced does contain elements of procedural unconscionability, we have already concluded that most of those facts do not meet a plaintiff's burden to justify invalidating a contract on that basis. *See*

*Motsinger v. Lithia Rose-FT, Inc.*, 211 Or App 610, 614-15, 156 P3d 156 (2007) (procedural unconscionability not established when there was unequal bargaining power, plaintiff was 19, the arbitration clause was contained in a packet of 70 new hire forms, she had less than two hours to review the forms and would not have been hired if she refused to sign). As in *Motsinger*, plaintiff had the opportunity to read the paperwork and ask questions, and the arbitration requirement was not hidden from plaintiff—rather, it was highlighted in the cover letter and formed the entire content of the agreement plaintiff was asked to sign. Moreover, plaintiff was agreeing to a promotion after already being employed (and already being subject to an arbitration agreement through her initial employment contract).

The only additional fact indicating unconscionability present here that was not present in *Motsinger* is that English is not plaintiff's native language and the employer did not offer a translation or explanation of the agreement. However, plaintiff did not express to defendant that she had difficulty understanding the agreement or ask for a translation, or even mention the language barrier when she signed the agreement, and in her declaration, she asserted that she could read and understand some of the agreement. She does not allege that defendant deceived her as to the contents of the agreement or forced her to sign it. *See Carey v. Lincoln Loan Co.*, 203 Or App 399, 422-23, 125 P3d 814 (2005), *aff'd*, 342 Or 530, 157 P3d 775 (2007) (unconscionability may involve deception, compulsion, or lack of genuine consent). On this record, the fact that English is not plaintiff's native language, even in combination with the other circumstances present here, is not enough to establish procedural unconscionability. *See Motsinger*, 211 Or App at 616-17 ("A party is presumed to be familiar with the contents of any document that bears the person's signature." (Citation and internal quotation marks omitted.)); *cf. Vasquez-Lopez*, 210 Or App at 567-68 (procedural unconscionability established where plaintiffs did not speak English and defendant misled the plaintiffs as to the contents of the contract).

Plaintiff also asserts that the delegation clause is substantively unconscionable by virtue of the fact that it

would make her subject to the unconscionable cost-allocation provision. Assuming that a challenge to the cost-allocation provision can be conceived of as a proper challenge to the delegation provision, we conclude that the terms of the cost-allocation clause are not substantively unconscionable. The cost-allocation provision provides that defendant will shoulder the arbitration fees whenever required by law.[2] On this record, we cannot conclude that the cost-allocation provision is unconscionable as a matter of law. *See Green Tree Financial Corp.-Ala. v. Randolph*, 531 US 79, 91, 121 S Ct 513, 148 L Ed 2d 373 (2000) (arbitration clause that does not specify who bears costs is not facially unenforceable because the "risk that [a party] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement" (internal quotation marks omitted)); *Gist v. ZoAn Management, Inc.*, 305 Or App 708, 720, 473 P3d 565, (2020), *aff'd*, 370 Or 27, 513 P3d 578 (2022) (declining to find a cost-allocation provision unconscionable that required parties to split costs but also included a fee-shifting provision because "we do not know that plaintiff will bear any costs in arbitration, because arbitration fees can be shifted to the losing party" (emphasis omitted)).

Because the delegation provision is not substantively or procedurally unconscionable, the trial court did not err when it granted the motion to compel arbitration.

Affirmed.

---

[2] Indeed, from the outset defendant repeatedly informed plaintiff and the court that it would pay the costs of arbitration.